02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 5:09:24 PM
Anoka County, MN

**STATE OF MINNESOTA**                                   **DISTRICT COURT**

**COUNTY OF ANOKA**                                      **TENTH JUDICIAL DISTRICT**
                                                         Case Type:  Other Contracts

---

Medtronic, Inc., a Minnesota corporation;        |  Court File No.: 02-CV-16-1617
Medtronic Sofamor Danek, Inc., an Indiana        |  Judge: _____
corporation; and Medtronic Sofamor Danek
USA, Inc., a Tennessee corporation,

                    Plaintiffs,                          **SUMMONS**

v.

Stephen Powell, an individual, Lloyd Lile
Lindsey, III, an individual, and Robby J.
Waguespack, an individual, and K2M, Inc., a
Delaware corporation.

                    Defendants.

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT, ROBBY J.
WAGUESPACK:

    **1.  YOU ARE BEING SUED**.  The Plaintiff has started a lawsuit against you.  The
Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away.
They are official papers that affect your rights.  You must respond to this lawsuit even though it
may not yet be filed with the Court and there may be no court file number on this Summons.

    **2.  YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**  You
must give or mail to the person who signed this summons a written response called an Answer
within 20 days of the date on which you received this Summons.  You must send a copy of your
Answer to:

        William Z. Pentelovitch
        Sarah A. Horstmann
        Peter C. Hennigan
        Maslon LLP
        3300 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN  55402-4140

**EXHIBIT**

**A**

02-CV-16-1617

Filed In Tenth Judicial District Court
4/5/2016 5:09:24 PM
Anoka County, MN

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

MASLON LLP

Dated: April 5, 2016          By: s/ Sarah A. Horstmann
                                   William Z. Pentelovitch (#85078)
                                   Sarah A. Horstmann (#387823)
                                   Peter C. Hennigan (#031089X)
                              3300 Wells Fargo Center
                              90 South Seventh Street
                              Minneapolis, MN 55402-4140
                              Telephone: (612) 672-8200
                              Email: bill.pentelovitch@maslon.com
                                     sarah.horstmann@maslon.com
                                     peter.hennigan@maslon.com

**ATTORNEYS FOR PLAINTIFFS**

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF ANOKA                              TENTH JUDICIAL DISTRICT
                                            Case Type:  Other Contracts

| | |
|---|---|
| Medtronic, Inc., a Minnesota corporation; Medtronic Sofamor Danek, Inc., an Indiana corporation; and Medtronic Sofamor Danek USA, Inc., a Tennessee corporation, | Court File No.: _____ <br> Judge: _____ |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| Stephen Powell, an individual, Lloyd Lile Lindsey, III, an individual, and Robby J. Waguespack, an individual, and K2M, Inc., a Delaware corporation. | |
| Defendants. | |

For their Complaint against Defendants Stephen Powell ("Powell"), Lloyd Lile Lindsey,

III ("Lindsey"), Robby J. Waguespack ("Waguespack") and K2M, Inc. ("K2M"), Plaintiffs

Medtronic, Inc., Medtronic Sofamor Danek, Inc., and Medtronic Sofamor Danek USA, Inc.

(collectively, "Medtronic") state and allege as follows:

## INTRODUCTION

1.       Medtronic is seeking preliminary and permanent injunctive relief and declaratory

relief to prevent its former employees Waguespack, Powell, and Lindsey from breaching their

Medtronic Employee Agreements, and to prevent their new employer, K2M, from tortiously

interfering with these agreements.

2.       Waguespack, Powell, and Lindsey resigned from Medtronic on March 28, 2016 in

order to work for K2M in positions that breach the covenants not to compete in their Medtronic

Employee Agreements. On that same day, they further breached their Medtronic Employee

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

Agreements by filing anticipatory declaratory judgment actions against Medtronic in Louisiana

state court and asking that court to declare the agreements null and void under Louisiana law,

despite the fact that their Medtronic Employee Agreements contained Minnesota state court

forum selection and Minnesota choice of law clauses, as well as covenants not to sue Medtronic

in any venue other than a Minnesota state court. K2M hired Waguespack, Powell, and Lindsey

with full knowledge of the covenant not to compete and covenant not to sue in each of their

respective Medtronic Employee Agreements, thus tortiously interfering with Medtronic's

contractual rights.

3.      On March 29, 2016, K2M intervened in the Louisiana lawsuits.

4.      Medtronic seeks injunctive and declaratory relief against Defendants to enforce its

agreements, protect itself from unfair competition, and preserve and protect the jurisdiction of

this Court.

## PARTIES

5.      Plaintiff Medtronic, Inc. is a Minnesota corporation with its principal place of

business in Fridley, Anoka County, Minnesota.

6.      Plaintiff Medtronic Sofamor Danek, Inc. is an Indiana corporation with its

principal place of business in Memphis, Shelby County, Tennessee.  It is a wholly owned

subsidiary of Medtronic, Inc.

7.      Plaintiff Medtronic Sofamor Danek USA, Inc. is a Tennessee corporation with its

principal place of business in Memphis, Shelby County, Tennessee. It is a wholly owned

subsidiary of Medtronic Sofamor Danek, Inc.

8.      Plaintiffs Medtronic, Inc., Medtronic Sofamor Danek, Inc., and Medtronic

Sofamor Danek USA, Inc. are collectively referred to herein as Medtronic.

2

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

9.      Defendant Waguespack is an individual resident of Louisiana who was employed by Medtronic from approximately March 2000 until his resignation from Medtronic on or about March 28, 2016. On information and belief, Waguespack is currently employed by K2M.

10.     Defendant Powell is an individual resident of Louisiana who was employed by Medtronic from approximately September 2012 until his resignation from Medtronic on or about March 28, 2016. On information and belief, Powell is currently employed by K2M.

11.     Defendant Lindsey is an individual resident of Louisiana who was employed by Medtronic from approximately June 2011 until his resignation from Medtronic on or about March 28, 2016. On information and belief, Lindsey is currently employed by K2M.

12.     K2M is a corporation organized under the laws of Delaware with its principal place of business in Leesburg, Virginia.

## JURISDICTION AND VENUE

13.     Medtronic and Waguespack are parties to a Medtronic Employee Agreement ("Waguespack Agreement") executed by Waguespack on or about July 23, 2010 for good and valuable consideration. A true and correct copy of the Waguespack Agreement is attached hereto and incorporated by reference herein as Exhibit A.

14.     Section 7 of the Waguespack Agreement provides that it is governed by Minnesota law, that Waguespack consents to the personal jurisdiction of the state courts in the State of Minnesota, that any dispute arising out of or related to the Agreement "shall be exclusively decided by a state court in the State of Minnesota," that Waguespack irrevocably waives his right to have the laws of any other state applied to the interpretation of the Agreement or for the courts of any other state to decide disputes related hereto, and that Waguespack consents not to sue Medtronic in any jurisdiction other than a state court in the state of Minnesota for purposes of any action arising out of or related to the Agreement. Ex. A, § 7.

3

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

15.     Medtronic and Powell are parties to a Medtronic Employee Agreement ("Powell Agreement") executed by Powell on or about August 20, 2012 for good and valuable consideration. A true and correct copy of the Powell Agreement is attached hereto and incorporated by reference herein as Exhibit B.

16.     Section 7 of the Powell Agreement provides that it is governed by Minnesota law, that Powell consents to the personal jurisdiction of the state courts in the State of Minnesota, that any dispute arising out of or related to the Agreement "shall be exclusively decided by a state court in the State of Minnesota," that Powell irrevocably waives his right to have the laws of any other state applied to the interpretation of the Agreement or for the courts of any other state to decide disputes related hereto, and that Powell consents not to sue Medtronic in any jurisdiction other than a state court in the state of Minnesota for purposes of any action arising out of or related to the Agreement. Ex. B, § 7.

17.     Medtronic and Lindsey are parties to a Medtronic Employee Agreement ("Lindsey Agreement") executed by Lindsey on or about May 31, 2011 for good and valuable consideration. A true and correct copy of the Lindsey Agreement is attached hereto and incorporated by reference herein as Exhibit C.

18.     Section 7 of the Lindsey Agreement provides that it is governed by Minnesota law, that Lindsey consents to the personal jurisdiction of the state courts in the State of Minnesota, that any dispute arising out of or related to the Agreement "shall be exclusively decided by a state court in the State of Minnesota," that Lindsey irrevocably waives his right to have the laws of any other state applied to the interpretation of the Agreement or for the courts of any other state to decide disputes related hereto, and that Lindsey consents not to sue Medtronic

4

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

in any jurisdiction other than a state court in the state of Minnesota for purposes of any action arising out of or related to the Agreement. Ex. C, § 7.

    19.    K2M is subject to personal jurisdiction in the State of Minnesota because, among other reasons, it transacts business within the State, and it was reasonably foreseeable that it would be bound by the forum selection clause in each of the Waguespack Agreement, the Powell Agreement, and the Lindsey Agreement when K2M attempted to induce the breach of those agreements by Waguespack, Powell, and Lindsey.

## BACKGROUND

### *Medtronic's Spine Business*

    20.    Medtronic, Inc. is a diversified medical technology company that manufactures FDA approved medical devices for surgical treatment of diseases and injuries of the spine. Medtronic's spine business is conducted through its Medtronic Sofamor Danek subsidiaries (for convenience, "Medtronic Spine"), which are a part of Medtronic's Restorative Therapies Business Group. Medtronic Spine engages in the research, development, marketing and sale of state-of-the-art products and therapies used by physicians to treat spinal and cranial disorders and injuries. Medtronic Spine's principal customers are the medical facilities where the products are used, and the physician spine specialists, including orthopedic surgeons, neurosurgeons, and interventional radiologists, who use Medtronic's products for the benefit of their patients.

### *K2M's Spine Business*

    21.    K2M is a medical device company that directly competes with Medtronic Spine's business in the development, marketing, and sale of spinal surgery products throughout the United States, including in Louisiana where Waguespack, Powell, and Lindsey were employed by Medtronic.

5

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

*Waguespack's Execution of the Medtronic Employee Agreement*

22.     Medtronic offered Waguespack employment in February 2000 as a Sales Associate in New Orleans, Louisiana. Medtronic's offer letter, dated February 22, 2000, stated that its offer of employment to Waguespack was expressly conditioned on Waguespack signing a Medtronic Employee Agreement, a copy of which was enclosed with the letter. On February 22, 2000, Waguespack accepted Medtronic's offer of employment and signed the Medtronic Employee Agreement enclosed with his offer of employment. Waguespack commenced employment with Medtronic in or about March 2000.

23.     On or about January 17, 2007, Medtronic offered Waguespack a promotion to District Sales Manager. The promotion was expressly conditioned on Waguespack signing the then-current version of the Medtronic Employee Agreement. On January 18, 2007, Waguespack accepted Medtronic's offer of promotion and in consideration thereof signed the then-current version of the Medtronic Employee Agreement.

24.     On or about July 2010, Medtronic offered Waguespack additional compensation in exchange for signing the then-current version of the Medtronic Employee Agreement. Waguespack had no pre-existing right to receive this additional compensation, and Medtronic had no obligation to provide such additional compensation to him. As an express condition of receiving the additional compensation, Waguespack was required to sign the then-current version of the Medtronic Employee Agreement. Waguespack accepted the additional compensation, and in consideration thereof, on or about July 23, 2010 Waguespack signed the Agreement attached hereto as Exhibit A as previously alleged, which was the operative Agreement at the time of his resignation from Medtronic.

6

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

### *Powell's Execution of the Medtronic Employee Agreement*

25.    Medtronic offered Powell employment in August 2012 as a Sales Representative in Louisiana. Medtronic's offer letter, dated August 3, 2012, stated that its offer of employment to Powell was expressly conditioned on Powell signing a Medtronic Employee Agreement, a copy of which was enclosed with the letter. On August 20, 2012, Powell accepted Medtronic's offer of employment and signed the Medtronic Employee Agreement enclosed with his offer of employment, which is attached hereto as Exhibit B as previously alleged, and was the operative Agreement at the time of his resignation from Medtronic. Powell commenced employment with Medtronic in or about September 20012.

### *Lindsey's Execution of the Medtronic Employee Agreement*

26.    Medtronic offered Lindsey employment in May 2011 as a Sales Representative in Louisiana. Medtronic's offer letter, dated May 25, 2011, stated that its offer of employment to Lindsey was expressly conditioned on Lindsey signing a Medtronic Employee Agreement, a copy of which was enclosed with the letter. On May 31, 2011, Lindsey accepted Medtronic's offer of employment and signed the Medtronic Employee Agreement enclosed with his offer of employment, which is attached hereto as Exhibit C as previously alleged, and was the operative Agreement at the time of his resignation from Medtronic. Lindsey commenced employment with Medtronic in or about June 2011.

7

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

### *The Covenants in the Medtronic Employee Agreements*

27.   Section 4.1 of the Waguespack Agreement and the Powell Agreement provides as follows:

> **4.1 Restrictions on Competition.** Employee agrees that for a duration of one (1) year after the last day Employee is employed by MEDTRONIC, Employee will not solicit, sell to, support the sale of COMPETITIVE PRODUCTS to, contact, or attempt to divert business from, whether directly or by managing, directing or supervising others, any MEDTRONIC CUSTOMER on behalf of a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT either in the Louisiana Parishes and/or Municipalities that are included within Employee's identified MEDTRONIC sales territory (provided Employee has engaged in sales activities on behalf of MEDTRONIC in those Louisiana Parishes and/or Municipalities during the last one (1) year of Employee's employment with MEDTRONIC), or in the Louisiana Parishes and/or Municipalities that MEDTRONIC engaged in business within and that Employee's services to MEDTRONIC supported during the last one (1) year of Employee's employment with MEDTRONIC.

Exs. A, B § 4.1.

28.   Section 4.1 of the Lindsey Agreement provides with respect to sales representatives like Lindsey as follows:

> **4.1   Restrictions on Competition.** . . . . [T]his restriction will be for a duration of only one (1) year after the last day Employee is employed by MEDTRONIC, and will prohibit Employee only from soliciting, selling to, contacting, or attempting to divert business from, whether directly or by managing, directing or supervising others, any MEDTRONIC CUSTOMER on behalf of a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT or COMPETITIVE RESEARCH AND SUPPORT.

Ex. C, § 4.1.

29.   The Waguespack Agreement, the Powell Agreement, and the Lindsey Agreement each contain the following definitions:

8

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**COMPETITIVE PRODUCT** means goods, products, product lines or services, and each and every component thereof, developed, designed, produced, manufactured, marketed, promoted, sold, supported, serviced, or that are in development or the subject of research by anyone other than MEDTRONIC that are the same or similar, perform any of the same or similar functions, may be substituted for, or are intended or used for any of the same purposes as a MEDTRONIC PRODUCT.

**MEDTRONIC PRODUCT(S)** means any goods, products, or product lines (a) that the services the Employee (or persons under Employee's management, direction or supervision) performed for MEDTRONIC related to, directly or indirectly, during the last one (1) year in which the Employee was employed by MEDTRONIC, including without limitation services in the areas of research, design, development, production, manufacture, marketing, promotion, sales, or business, technical, regulatory or systems research, analysis, planning or support relating to such goods, products, or product lines, or (b) with respect to which Employee at any time received or otherwise obtained or learned CONFIDENTIAL INFORMATION.

**CONFIDENTIAL INFORMATION** means any information relating to MEDTRONIC's business, including a formula, pattern, compilation, program, device, method, technique, system, plan, or process, that the Employee learns or develops during the course of Employee's employment by MEDTRONIC that derives independent economic value from not being generally known, or readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use. CONFIDENTIAL INFORMATION includes but is not limited to trade secrets and INVENTIONS and, without limitation, may relate to . . . vendor and customer data; employee and personnel data; . . . sales volumes; pricing strategies; sales and marketing plans and strategies; contracts and bids; and any business management techniques that are being planned or developed, utilized or executed by MEDTRONIC.

**MEDTRONIC CUSTOMER(S)** means any person, entity or institution, including the employees, agents or representatives who controlled, directed or influenced the purchasing decisions of any such person, entity or institution to whom or to which Employee sold, negotiated the sales, supported, marketed or promoted products or services on behalf of MEDTRONIC during the last one (1) year in which Employee was employed by MEDTRONIC.

9

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

.CONFLICTING ORGANIZATION means any person
(including the Employee) or entity, and any parent, subsidiary,
partner or affiliate (regardless of their legal form) of any person or
entity, that engages in, or is about to become engaged in, the
development, design, production, manufacture, promotion,
marketing, sale, support or service of a COMPETITIVE
PRODUCT or in COMPETITIVE RESEARCH AND SUPPORT.

Exs. A-C, §§ 1.1, 1.3, 1.4, 1.7, 1.8.

30.    The Waguespack Agreement, the Powell Agreement, and the Lindsey Agreement

each contain a nondisclosure provision that provides in relevant part as follows:

**3.6    Nondisclosure.** Employee agrees not to use or disclose
any CONFIDENTIAL INFORMATION to or for the benefit of
anyone other than MEDTRONIC, either during or after
employment, for as long as the information retains the
characteristics described in Section 1.3. Employee further agrees
and understands that this provision prohibits Employee from
rendering services to a CONFLICTING ORGANIZATION for two
(2) years following termination of employment with
MEDTRONIC to the extent that Employee would use, disclose or
rely upon CONFIDENTIAL INFORMATION or be induced or
required to use, disclose or rely upon CONFIDENTIAL
INFORMATION during the course of rendering such services.

*Id.* § 3.6.

31.    The Waguespack Agreement, the Powell Agreement, and the Lindsey Agreement

each contain the following provisions relating to governing law, venue, and jurisdiction:

**7.1    Place of Agreement.**    Because Medtronic, Inc. is a
Minnesota corporation with its principal place of business located
in Minnesota, and because it is mutually agreed that it is in the best
interests of MEDTRONIC and all of its employees that a uniform
body of law consistently interpreted be applied to the employment
agreements between MEDTRONIC and all of its employees, this
Agreement is deemed entered into in the State of Minnesota
between MEDTRONIC and Employee, and the substantive laws of
Minnesota and the exclusive jurisdiction of the courts of
Minnesota shall be applicable hereto on the terms and conditions
specified below.

**7.2    Governing Law.**    The validity, enforceability,
construction and interpretation of this Agreement shall be

10

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

governed by the laws of the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have the laws of any state other than the State of Minnesota apply to this Agreement.

**7.3    Venue and Personal Jurisdiction.** Any dispute arising out of or related to this Agreement, or any breach or alleged breach hereof, shall be exclusively decided by a state court in the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have any disputes between Employee and MEDTRONIC arising out of or related to this Agreement decided in any jurisdiction or venue other than a state court in the State of Minnesota. Employee hereby irrevocably consents to the personal jurisdiction of the state courts in the State of Minnesota for the purposes of any action arising out of or related to this Agreement.

**7.4    Covenant Not to Sue.** Employee irrevocably covenants not to sue MEDTRONIC in any jurisdiction other than a state court in the State of Minnesota for the purposes of any action arising out of or related to this Agreement. Employee further agrees not to assist, aid, abet, encourage, be a party to, or participate in the commencement or prosecution of any lawsuit or action by any third party arising out of or related to this Agreement in any jurisdiction or venue other than a state court in the State of Minnesota . . . .

*Id.* §§ 7.1-7.4.

***Waguespack, Powell, and Lindsey's Access to Medtronic's Confidential Information and Customer Goodwill***

32.    While employed by Medtronic, Waguespack, Powell, and Lindsey each had access to Medtronic's confidential information, including pricing and contract information and strategies, marketing and business plans and strategies, sales and market data, customer data, and product information. In particular, they were exposed to a significant amount of highly confidential and specific sales and pricing strategies, pricing methodologies, knowledge of customer needs, knowledge of customer buying history and patterns, competitive pricing information, and training.

11

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

33.    Medtronic's confidential information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, its competitors in the spine surgery market, who could obtain value from its disclosure or use. Medtronic uses reasonable efforts to protect its confidential information, including using confidentiality agreements and limiting access to such information by passwords and other means.

34.    While employed by Medtronic, Waguespack, Powell, and Lindsey each maintained and developed relationships with Medtronic's customers which resulted in goodwill for Medtronic. Customer relationships and goodwill are extremely important to spine surgery product sales. Waguespack, Powell, and Lindsey each have the ability to divert Medtronic's business by transferring Medtronic's customer goodwill to K2M.

### Waguespack, Powell, and Lindsey's Breach of, and K2M's Interference with, Section 7 of the Agreements

35.    On March 28, 2016, in the span of five minutes between 8:34 a.m. and 8:39 a.m., in what was plainly a coordinated effort, Waguespack, Powell, and Lindsey each sent emails to Michelle Gaulding, the Regional Vice President to whom they reported, notifying her of their respective resignations from Medtronic. None of their resignation notices contained any reference to K2M.

36.    That same day, on March 28, 2016, in what was also plainly a coordinated effort, Waguespack, Powell, and Lindsey each filed separate lawsuits against Medtronic in the 19th Judicial District Court for the Parish of East Baton Rouge in the State of Louisiana ("the Louisiana Actions"). They each sought declarations that their respective agreements with Medtronic were governed by and unenforceable under Louisiana law and asked that Medtronic

12

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

be enjoined from attempting to enforce them. True and correct copies of each of their Petitions for Declaratory Judgment in the Louisiana Actions are attached hereto as Exhibits D, E, and F.

37.    On March 29, 2016, the day after Waguespack, Powell, and Lindsey resigned from Medtronic and initiated the Louisiana Actions, K2M filed Petitions in Intervention in each of the Louisiana Actions seeking declarations that each of Waguespack, Powell, and Lindsey's respective agreements with Medtronic were governed by and unenforceable under Louisiana law and asking that Medtronic be enjoined from attempting to enforce them. K2M's Petitions in Intervention adopted and incorporated by reference all of the allegations set forth in the Petitions of Waguespack, Powell, and Lindsey. True and correct copies of each of their Petitions in Intervention in the Louisiana Actions are attached hereto as Exhibits G, H, and I.

38.    Waguespack, Powell, and Lindsey filed the Louisiana Actions in breach of Section 7 of their Agreements.

39.    K2M tortiously interfered with Waguespack, Powell, and Lindsey's obligations to Medtronic under Section 7 of their Agreements by filing their Petitions in Intervention and, on information and belief, by assisting, aiding, and/or inducing Waguespack, Powell, and Lindsey to file the Louisiana Actions.

*Waguespack, Powell, and Lindsey's Breach of, and K2M's Interference with,*
*Section 4.1 of the Agreements*

40.    Waguespack, Powell, and Lindsey each admit in their Petitions that they signed Medtronic Employee Agreements.

41.    Waguespack, Powell, and Lindsey each admit in their Petitions that they have accepted employment with K2M, and that they desire to be able to call upon their former Medtronic customers and promote the sale of K2M's products.

13

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

42.    K2M admits in its Petitions in Intervention that each of Waguespack, Powell, and Lindsey "will continue to work in and around Baton Rouge, Louisiana, and will sell spinal products and surgical implants similar to those in Medtronic's spinal and biologic product lines."

43.    Medtronic's spinal surgery products are a MEDTRONIC PRODUCT under the Waguespack, Powell, and Lindsey Agreements because Waguespack, Powell, and Lindsey marketed, promoted, sold, and supported them in their last year of Medtronic employment, and they received CONFIDENTIAL INFORMATION about them.

44.    K2M's spinal surgery products are a COMPETITIVE PRODUCT under the Agreement because they are the "same or similar, perform[s] . . . the same or similar functions, may be substituted for, or [is] intended or used for . . . the same purposes" as Medtronic's spinal surgery products.

45.    K2M is a CONFLICTING ORGANIZATION under the Agreement, because K2M is engaged in the promotion, marketing, sale, and support of a COMPETITIVE PRODUCT, its spinal surgery products.

46.    K2M admits in its Petitions in Intervention that the non-competition and customer non-solicitation provisions in the Medtronic Employee Agreements "may limit K2M's ability to employ [them], in addition to hindering [their] ability to fully perform the duties of [their] job[s] as [] K2M sales representative[s], until those provisions are declared unenforceable."

47.    Waguespack, Powell, and Lindsey each allege in their Petitions that Medtronic "intend[s] to prevent [them] from pursuing [their] chosen profession and performing the duties of [their] employment with K2M by seeking to enforce the unlawful non-competition, customer non-solicitation, choice of law, and choice of forum provisions in [their] Employee Agreement[s]," and further allege that Medtronic has "previously filed suit against employees

14

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

who have resigned, accepted positions with competitors, including K2M, and attempted to solicit

business from the customers that they had been working with during their employment with

Medtronic Sofamor Danek USA, Inc."

## CAUSES OF ACTION

### COUNT ONE
*Declaratory and Injunctive Relief Against Waguespack for Breach of Contract (Section 4.1)*

48.    Medtronic realleges all and singular paragraphs 1 through 47 hereinabove.

49.    Waguespack and Medtronic are parties to the Waguespack Agreement.

50.    All conditions precedent under the Waguespack Agreement have occurred.

51.    The Waguespack Agreement is supported by consideration.

52.    Section 4.1 of the Waguespack Agreement is reasonable and enforceable to

protect Medtronic's legitimate business interests in confidential information and customer

goodwill.

53.    Waguespack has breached the Waguespack Agreement, including without

limitation Section 4.1, by becoming employed by a CONFLICTING ORGANIZATION in

connection with or relating to a COMPETITIVE PRODUCT.

54.    There is a ripe and justiciable controversy between Medtronic and Waguespack.

55.    Medtronic is entitled to a declaration that the Waguespack Agreement precludes

Waguespack from being employed by or performing services for K2M in connection with or

relating to spinal surgery products for one year following the termination of his Medtronic

employment.

56.    Medtronic lacks an adequate remedy at law for Waguespack's breaches of the

Waguespack Agreement, which threaten Medtronic with irreparable harm, including the

15

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

misappropriation of its confidential information, loss of significant business, and injury to its customer goodwill.

57.     By virtue of the foregoing, Medtronic is also entitled to injunctive relief restraining Waguespack from being employed by or performing services for K2M in connection with or relating to spinal surgery products for one year following the termination of his Medtronic employment.

## COUNT TWO
### *Declaratory and Injunctive Relief Against Waguespack for Breach of Contract (Section 7.4)*

58.     Medtronic realleges all and singular paragraphs 1 through 57 hereinabove.

59.     Waguespack has breached Section 7.4 of the Waguespack Agreement by initiating the Louisiana Action.

60.     Medtronic lacks an adequate remedy at law for Waguespack's breaches of the Waguespack Agreement, and Medtronic requires specific performance in the form of injunctive relief to prevent irreparable injury.

61.     There is a ripe and justiciable controversy between Medtronic and Waguespack.

62.     Medtronic is entitled to a declaration that the Waguespack Agreement precludes Waguespack from suing Medtronic in any jurisdiction other than a state court in the State of Minnesota for the purposes of any action arising out of or related to his Agreement, and further precludes him from assisting, aiding, abetting, encouraging, being a party to, or participating in the commencement or prosecution of any lawsuit or action by any third party arising out of or related to the Waguespack Agreement in any jurisdiction or venue other than a state court in the State of Minnesota.

63.     Medtronic lacks an adequate remedy at law for Waguespack's breaches of the Agreement, which threatens Medtronic with irreparable harm.

16

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

64.     By virtue of the foregoing, Medtronic is entitled to injunctive relief restraining Waguespack from violating Section 7.4 of the Waguespack Agreement, including but not limited to an anti-suit injunction restraining Waguespack from proceeding with his claims in the Louisiana Action and restraining Waguespack from making any motion or taking any action or obtaining any order or direction from the Louisiana court that prevents or interferes in any way with this Court determining whether it should decide all or any part of the claims alleged in this lawsuit, including claims for temporary, preliminary or permanent relief.

## COUNT THREE
### *Declaratory and Injunctive Relief Against Powell for Breach of Contract (Section 4.1)*

65.     Medtronic realleges all and singular paragraphs 1 through 64 hereinabove.

66.     Powell and Medtronic are parties to the Powell Agreement.

67.     All conditions precedent under the Powell Agreement have occurred.

68.     The Powell Agreement is supported by consideration.

69.     Section 4.1 of the Powell Agreement is reasonable and enforceable to protect Medtronic's legitimate business interests in confidential information and customer goodwill.

70.     Powell has breached the Powell Agreement, including without limitation Section 4.1, by becoming employed by a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT.

71.     There is a ripe and justiciable controversy between Medtronic and Powell.

72.     Medtronic is entitled to a declaration that the Powell Agreement precludes Powell from being employed by or performing services for K2M in connection with or relating to spinal surgery products for one year following the termination of his Medtronic employment.

17

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

73.     Medtronic lacks an adequate remedy at law for Powell's breaches of the Powell Agreement, which threaten Medtronic with irreparable harm, including the misappropriation of its confidential information, loss of significant business, and injury to its customer goodwill.

74.     By virtue of the foregoing, Medtronic is entitled to injunctive relief restraining Powell from being employed by or performing services for K2M in connection with or relating to spinal surgery products for one year following the termination of his Medtronic employment.

**COUNT FOUR**
*Declaratory and Injunctive Relief Against Powell for Breach of Contract (Section 7.4)*

75.     Medtronic realleges all and singular paragraphs 1 through 74 hereinabove.

76.     Powell has breached Section 7.4 of the Powell Agreement by initiating the Louisiana Action.

77.     Medtronic lacks an adequate remedy at law for Powell's breaches of the Powell Agreement, and Medtronic requires specific performance in the form of injunctive relief to prevent irreparable injury.

78.     There is a ripe and justiciable controversy between Medtronic and Powell.

79.     Medtronic is entitled to a declaration that the Powell Agreement precludes Powell from suing Medtronic in any jurisdiction other than a state court in the State of Minnesota for the purposes of any action arising out of or related to his Agreement, and further precludes him from assisting, aiding, abetting, encouraging, being a party to, or participating in the commencement or prosecution of any lawsuit or action by any third party arising out of or related to the Powell Agreement in any jurisdiction or venue other than a state court in the State of Minnesota.

80.     Medtronic lacks an adequate remedy at law for Powell's breaches of the Powell Agreement, which threaten Medtronic with irreparable harm.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

81.     By virtue of the foregoing, Medtronic is entitled to injunctive relief restraining Powell from violating Section 7.4 of the Powell Agreement, including but not limited to an anti-suit injunction restraining Powell from proceeding with his claims in the Louisiana Action and restraining Powell from making any motion or taking any action or obtaining any order or direction from the Louisiana court that prevents or interferes in any way with this Court determining whether it should decide all or any part of the claims alleged in this lawsuit, including claims for temporary, preliminary or permanent relief.

## COUNT FIVE
### *Declaratory and Injunctive Relief Against Lindsey for Breach of Contract (Section 4.1)*

82.     Medtronic realleges all and singular paragraphs 1 through 81 hereinabove.

83.     Lindsey and Medtronic are parties to the Lindsey Agreement.

84.     All conditions precedent under the Lindsey Agreement have occurred.

85.     The Lindsey Agreement is supported by consideration.

86.     Section 4.1 of the Lindsey Agreement is reasonable and enforceable to protect Medtronic's legitimate business interests in confidential information and customer goodwill.

87.     Lindsey has breached the Lindsey Agreement, including without limitation Section 4.1, by becoming employed by a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT.

88.     There is a ripe and justiciable controversy between Medtronic and Lindsey.

89.     Medtronic is entitled to a declaration that the Lindsey Agreement precludes Lindsey from being employed by or performing services for K2M in connection with or relating to spinal surgery products for one year following the termination of his Medtronic employment.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

90.     Medtronic lacks an adequate remedy at law for Lindsey's breaches of the Lindsey Agreement, which threaten Medtronic with irreparable harm, including the misappropriation of its confidential information, loss of significant business, and injury to its customer goodwill. By virtue of the foregoing, Medtronic is entitled to injunctive relief restraining Lindsey from being employed by or performing services for K2M in connection with or relating to spinal surgery products for one year following the termination of his Medtronic employment.

## COUNT SIX
### *Declaratory and Injunctive Relief Against Lindsey for Breach of Contract (Section 7.4)*

91.     Medtronic realleges all and singular paragraphs 1 through 90 hereinabove.

92.     Lindsey has breached Section 7.4 of the Lindsey Agreement by initiating the Louisiana Action.

93.     Medtronic lacks an adequate remedy at law for Lindsey's breaches of the Lindsey Agreement, and Medtronic requires specific performance in the form of injunctive relief to prevent irreparable injury.

94.     There is a ripe and justiciable controversy between Medtronic and Lindsey.

95.     Medtronic is entitled to a declaration that the Lindsey Agreement precludes Lindsey from suing Medtronic in any jurisdiction other than a state court in the State of Minnesota for the purposes of any action arising out of or related to his Agreement, and further precludes him from assisting, aiding, abetting, encouraging, being a party to, or participating in the commencement or prosecution of any lawsuit or action by any third party arising out of or related to the Lindsey Agreement in any jurisdiction or venue other than a state court in the State of Minnesota.

96.     Medtronic lacks an adequate remedy at law for Lindsey's breaches of the Lindsey Agreement, which threaten Medtronic with irreparable harm.

20

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

97.     By virtue of the foregoing, Medtronic is entitled to injunctive relief restraining Lindsey from violating Section 7.4 of the Lindsey Agreement, including but not limited to an anti-suit injunction restraining Lindsey from proceeding with his claims in the Louisiana Action and restraining Lindsey from making any motion or taking any action or obtaining any order or direction from the Louisiana court that prevents or interferes in any way with this Court determining whether it should decide all or any part of the claims alleged in this lawsuit, including claims for temporary, preliminary or permanent relief.

## COUNT SEVEN
### Declaratory and Injunctive Relief Against K2M for Tortious Interference with Contract (Section 4.1)

98.     Medtronic realleges all and singular paragraphs 1 through 97 hereinabove.

99.     On information and belief, K2M had actual and constructive knowledge of the Waguespack Agreement, the Powell Agreement, and the Lindsey Agreement.

100.    On information and belief, K2M intentionally and unjustifiably procured each of Waguespack, Powell, and Lindsey's breaches of their respective agreements with Medtronic, including breaches of Sections 4.1.

101.    Medtronic lacks an adequate remedy at law for K2M's intentional interference these agreements, which threatens Medtronic with irreparable harm, including the misappropriation of its confidential information, loss of significant business, and injury to its customer goodwill.

102.    By virtue of the foregoing, Medtronic is entitled to equitable and injunctive relief temporarily and permanently enjoining K2M, and its respective shareholders, directors, officers, employees, and agents, and their successors and assigns, and all persons in active concert or participation with them who receive actual notice of the Court's order, from employing or

21

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

receiving services from each of Waguespack, Powell, and Lindsey in violation of their

agreements with Medtronic.

## COUNT EIGHT
### *Declaratory and Injunctive Relief Against K2M for Tortious Interference with Contract (Section 7.4)*

103.    Medtronic realleges all and singular paragraphs 1 through 102 hereinabove.

104.    On information and belief, K2M had actual and constructive knowledge of the

Waguespack Agreement, the Powell Agreement, and the Lindsey Agreement.

105.    On information and belief, K2M intentionally and unjustifiably procured each of

Waguespack, Powell, and Lindsey's breaches of their respective agreements with Medtronic,

including breaches of Section 7.4.

106.    Medtronic lacks an adequate remedy at law for K2M's intentional interference

these agreements, which threatens Medtronic with irreparable harm.

107.    By virtue of the foregoing, Medtronic is entitled to equitable and injunctive relief

temporarily and permanently enjoining K2M, and its respective shareholders, directors, officers,

employees, and agents, and their successors and assigns, and all persons in active concert or

participation with them who receive actual notice of the Court's order, from proceeding with its

claims in the Louisiana Action and from making any motion or taking any action or obtaining

any order or direction from the Louisiana court that prevents or interferes in any way with this

Court determining whether it should decide all or any part of the claims alleged in this lawsuit,

including claims for temporary, preliminary or permanent relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Medtronic, Inc., Medtronic Sofamor Danek, Inc. and

Medtronic Sofamor Danek USA, Inc., pray for a judgment in their favor and against Defendants

Stephen Powell, Lloyd Lile Lindsey, III, Robby J. Waguespack, and K2M, Inc. as follows:

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

A.    Declaring that the filing of the Louisiana Actions by each of Waguespack, Powell, and Lindsey are breaches of their respective agreements with Medtronic.

B.    Temporarily and permanently granting an anti-suit injunction enjoining Waguespack, Powell, and Lindsey, and each of them, from proceeding with their claims in the Louisiana Actions or any other venue other than a state court in the State of Minnesota, and restraining them from making any motion or taking any action or obtaining any order or direction from the Louisiana court that prevents or interferes in any way with this Court determining whether it should decide all or any part of the claims alleged in this lawsuit, including claims for temporary, preliminary or permanent relief.

C.    Temporarily and permanently granting an anti-suit injunction enjoining K2M from proceeding with its claims in the Louisiana Action or any other venue other than a state court in the State of Minnesota, and restraining it from making any motion or taking any action or obtaining any order or direction from the Louisiana court that prevents or interferes in any way with this Court determining whether it should decide all or any part of the claims alleged in this lawsuit, including claims for temporary, preliminary or permanent relief.

D.    Declaring that any sales or sales efforts relating to K2M's spinal surgery products by Waguespack, Powell, and Lindsey, and each of them, to their MEDTRONIC CUSTOMERS are breaches of their respective Agreements with Medtronic.

E.    Temporarily and permanently enjoining Waguespack, Powell, and Lindsey, and each of them, and each of their heirs, successors, agents, assigns, and employees, and all persons in active concert or participation with them who receive actual notice of the Court's order, from breaching their respective Agreements with Medtronic by being employed by or directly or

23

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

indirectly performing services for K2M for their MEDTRONIC CUSTOMERS until March 29,

2017, or a sufficient length of time to remedy their misconduct, whichever period is longer.

   F.  Temporarily and permanently enjoining and restraining K2M and its heirs,

successors, agents, assigns, and employees, and all persons in active concert or participation with

them who receive actual notice of the Court's order, from employing or otherwise retaining

services from Waguespack, Powell, or Lindsey in any capacity that violates their Agreements

until March 29, 2017, or a sufficient length of time to remedy their misconduct, whichever

period is longer.

   G.  Awarding Medtronic interest, costs, and disbursements herein.

   H.  Awarding Medtronic such other, further, or different relief as the Court may deem

just and equitable.

       **MASLON LLP**

Dated:  April 5, 2016    By:  _s/ Sarah A. Horstmann_
           William Z. Pentelovitch (#85078)
           Sarah A. Horstmann (#387823)
           Peter C. Hennigan (#031089X)
        90 South Seventh Street – Suite 3300
        Minneapolis, MN 55402-4140
        Telephone:  (612) 672-8200

        Email:  bill.pentelovitch@maslon.com
           sarah.horstmann@maslon.com
           peter.hennigan@maslon.com

        **ATTORNEYS FOR PLAINTIFFS**

      **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and
witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the parties against whom the
allegations in the Summons and Complaint are asserted.

       _s/ Sarah A. Horstmann_

4815-5196-1647, v. 2

24

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN



# LOUISIANA EMPLOYEE AGREEMENT

## INTRODUCTION

Medtronic and the undersigned Employee recognize it is important that Medtronic protect its rights with respect to its confidential business and product information, inventions, and customer relationships without unduly impairing the Employee's ability to pursue his/her profession. Medtronic and the Employee also recognize that Medtronic provides valuable training to Employee, entrusts Employee with confidential information, business and customer relationships and goodwill, and compensates Employee to support, develop, administer, maintain, promote, market and/or sell Medtronic products.

Accordingly, Employee enters into this Agreement in consideration for the following: (i) Medtronic's offer of employment or continuing employment and the benefits associated with that employment; (ii) Medtronic's promise of granting Employee access to confidential information necessary to perform Employee's duties; (iii) Medtronic's actual grant to Employee of access to confidential information necessary to perform the Employee's duties; (iv) Medtronic's promise to provide Employee valuable training, (v) Medtronic's actual provision of training to Employee; (vi) Medtronic's promise to provide Employee access to Medtronic's business and customer relationships and goodwill; (vii) Medtronic's actual provision to Employee of access to Medtronic's business and customer relationships and goodwill; (viii) Medtronic's obligations to the Employee contained in this Agreement; (ix) or other consideration which the Employee acknowledges was received and was sufficient consideration for the promises in this Agreement.

## SECTION 1:  DEFINITIONS

**PLEASE NOTE:  Terms that are CAPITALIZED have the following defined meaning whenever used in this Agreement:**

1.1 **COMPETITIVE PRODUCT** means goods, products, product lines or services, and each and every component thereof, developed, designed, produced, manufactured, marketed, promoted, sold, supported, serviced, or that are in development or the subject of research by anyone other than MEDTRONIC that are the same or similar, perform any of the same or similar functions, may be substituted for, or are intended or used for any of the same purposes as a MEDTRONIC PRODUCT.

0310

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**1.2    COMPETITIVE RESEARCH AND SUPPORT** means any research, development, analysis, planning or support services of any kind or nature, including without limitation theoretical and applied research, or business, technical, regulatory or systems research, analysis, planning or support, for a CONFLICTING ORGANIZATION that is intended for, or may be useful in, assisting, improving or enhancing any aspect of the development, design, production, manufacture, marketing, promotion, sale, support or service of a COMPETITIVE PRODUCT.

**1.3    CONFIDENTIAL INFORMATION** means any information relating to MEDTRONIC's business, including a formula, pattern, compilation, program, device, method, technique, system, plan, or process, that the Employee learns or develops during the course of Employee's employment by MEDTRONIC that derives independent economic value from not being generally known, or readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use.  CONFIDENTIAL INFORMATION includes but is not limited to trade secrets and INVENTIONS and, without limitation, may relate to research; development; experiments; clinical investigations; clinical trials; clinical and product development results and data; engineering; product specifications; computer programs; computer software; hardware configurations; manufacturing processes; compositions; algorithms; know-how; methods; machines; management systems and techniques; strategic plans; long-range plans; operating plans; organizational plans; financial plans; financial models; financial projections; nonpublic financial information; business, financial, planning, and strategic systems and methods; operating systems; information systems; acquisition and divestiture goals, plans, strategies or targets; regulatory strategies, plans and approaches; quality control systems and techniques; patent and intellectual property strategies, plans and approaches; vendor and customer data; employee and personnel data; human resources goals, plans and strategies; human resource management techniques; sales volumes; pricing strategies; sales and marketing plans and strategies; contracts and bids; and any business management techniques that are being planned or developed, utilized or executed by MEDTRONIC.

**1.4    CONFLICTING ORGANIZATION** means any person (including the Employee) or entity, and any parent, subsidiary, partner or affiliate (regardless of their legal form) of any person or entity, that engages in, or is about to become engaged in, the development, design, production, manufacture, promotion, marketing, sale, support or service of a COMPETITIVE PRODUCT or in COMPETITIVE RESEARCH AND SUPPORT.

**1.5    INVENTION(S)** means any and all inventions, discoveries, ideas, processes, writings, works of authorship, designs, developments and improvements, whether or not protectible under the applicable patent, trademark or copyright statutes, generated, conceived or reduced to practice by the Employee, alone or in conjunction with others, while employed by MEDTRONIC.

**1.6    MEDTRONIC** means Medtronic, Inc., a Minnesota corporation with its principal place of business in the State of Minnesota, and all of its parents, subsidiaries or affiliated corporations, and their successors and assigns, that exist or may exist during all or any portion of the time this Agreement is in effect.

0310

2

EXHIBIT A to COMPLAINT                    Page 26 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**1.7    MEDTRONIC CUSTOMER(S)** means any person, entity or institution, including the employees, agents or representatives who controlled, directed or influenced the purchasing decisions of any such person, entity or institution, to whom or to which Employee sold, negotiated the sales, supported, marketed or promoted products or services on behalf of MEDTRONIC during the last one (1) year in which Employee was employed by MEDTRONIC.

**1.8    MEDTRONIC PRODUCT(S)** means any goods, products, or product lines (a) that the services the Employee (or persons under Employee's management, direction or supervision) performed for MEDTRONIC related to, directly or indirectly, during the last one (1) year in which the Employee was employed by MEDTRONIC, including without limitation services in the areas of research, design, development, production, manufacture, marketing, promotion, sales, or business, technical, regulatory or systems research, analysis, planning or support relating to such goods, products, or product lines, or (b) with respect to which Employee at any time received or otherwise obtained or learned CONFIDENTIAL INFORMATION.

## SECTION 2:  EMPLOYMENT

**2.1    Employment At-Will.**  MEDTRONIC agrees to employ or continue to employ Employee at-will. The parties agree that either party may terminate Employee's employment at any time for any reason. This Agreement is ancillary to at-will employment and does not purport to include all of the terms of, or supersede, that relationship.

**2.2    Compensation.**    The compensation, benefits, and other financial terms and conditions applicable to Employee's employment at the inception of this Agreement are set forth in separate documents provided to Employee. Any changes in the compensation and/or benefits of Employee after this Agreement becomes effective shall not terminate or invalidate this Agreement or affect or impair the validity or enforceability of this Agreement.

**2.3    Duties.**  Employee agrees to diligently, loyally and faithfully perform and discharge the duties assigned to Employee from time to time, and all duties associated therewith, to engage in no activities detrimental to MEDTRONIC's interests, to be familiar with MEDTRONIC policies that relate to Employee's duties, and to abide by MEDTRONIC's policies as they exist from time to time, including, without limitation, MEDTRONIC's policies regarding Code of Conduct, Business  Conduct Standards, and CONFIDENTIAL INFORMATION. This Agreement continues in force and effect if the Employee's duties, title, or location of work for MEDTRONIC change after this Agreement becomes effective, and any such change shall not terminate or invalidate this Agreement or affect or impair the validity or enforceability of this Agreement.

**2.4    Protection of Former Employer.**  Employee agrees not to divulge to, or use for the benefit of, MEDTRONIC any proprietary, trade secret, or confidential information of a former employer.

0310

3

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

## SECTION 3:  TRAINING, CONFIDENTIAL INFORMATION AND GOODWILL

**3.1    MEDTRONIC's Promises To Employee.** MEDTRONIC agrees that: (a) upon commencement of employment it will provide Employee with one or more of the following: appropriate valuable training which may include but not be limited to self-study materials and course work, classroom training, on-the-job training, and other forms of training, MEDTRONIC's valuable business and customer relationships, MEDTRONIC's goodwill, and CONFIDENTIAL INFORMATION; and (b) from time to time throughout the course of Employee's employment, MEDTRONIC will continue to provide training, access to valuable business and customer relationships, goodwill and CONFIDENTIAL INFORMATION to Employee.

**3.2    Goodwill.** Employee acknowledges that MEDTRONIC owns the goodwill in Employee's relationships with MEDTRONIC CUSTOMERS that Employee maintains or develops in the course and scope of Employee's employment by MEDTRONIC. If Employee owned goodwill in customer relationships when Employee commenced employment with MEDTRONIC, Employee assigns any and all such goodwill to MEDTRONIC, and MEDTRONIC shall become the owner of such goodwill.

**3.3    Employee's Use of Training, Business and Customer Relationships, Goodwill and CONFIDENTIAL INFORMATION.** MEDTRONIC agrees to provide Employee with valuable training and to entrust Employee with such of MEDTRONIC's valuable business and customer relationships, goodwill and CONFIDENTIAL INFORMATION as is necessary for Employee to discharge Employee's duties. Employee agrees to use such valuable training and to continue to develop such relationships, goodwill and CONFIDENTIAL INFORMATION solely and exclusively for MEDTRONIC's benefit.

**3.4    Fiduciary Duties.** Employee agrees that Employee shall treat all CONFIDENTIAL INFORMATION, training, business and customer relationships, and goodwill entrusted to Employee by MEDTRONIC as a fiduciary, and Employee accepts and undertakes all of the obligations of a fiduciary, including good faith, trust, confidence and candor, and Employee agrees to use such training and to maintain, protect and develop CONFIDENTIAL INFORMATION, business and customer relationships, and goodwill solely and exclusively for the benefit of MEDTRONIC.

**3.5    MEDTRONIC Property.** All documents and things provided to Employee by MEDTRONIC for use in connection with Employee's employment, or created by the Employee in the course and scope of Employee's employment by MEDTRONIC, are the property of MEDTRONIC and shall be held by Employee as a fiduciary on behalf of MEDTRONIC. Upon termination of Employee's employment, Employee shall return promptly to MEDTRONIC, without the requirement of a prior demand by MEDTRONIC, all such documents and things, together with all copies, recordings, abstracts, notes, reproductions or electronic versions of any kind made from or about the documents and things or the information they contain.

**3.6    Nondisclosure.** Employee agrees not to use or disclose any CONFIDENTIAL INFORMATION to or for the benefit of anyone other than MEDTRONIC, either during or after

0310

4

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

employment, for as long as the information retains the characteristics described in Section 1.3. Employee further agrees and understands that this provision prohibits Employee from rendering services to a CONFLICTING ORGANIZATION following termination of employment with MEDTRONIC to the extent that Employee would use, disclose or rely upon CONFIDENTIAL INFORMATION or be induced or required to use, disclose or rely upon CONFIDENTIAL INFORMATION during the course of rendering such services.

## SECTION 4:  POST-EMPLOYMENT RESTRICTIONS

**4.1      Restrictions on Competition.**   Employee agrees that for a duration of one (1) year after the last day Employee is employed by MEDTRONIC, Employee will not solicit, sell to, support the sale of COMPETITIVE PRODUCTS to, contact, or attempt to divert business from, whether directly or by managing, directing or supervising others, any MEDTRONIC CUSTOMER on behalf of a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT either in the Louisiana Parishes and/or Municipalities that are included within Employee's identified MEDTRONIC sales territory  (provided Employee has engaged in sales activities on behalf of MEDTRONIC in those Louisiana Parishes and/or Municipalities during the last one (1) year of Employee's employment with MEDTRONIC) or in the Louisiana Parishes and/or Municipalities that MEDTRONIC engaged in business within and that Employee's services to MEDTRONIC supported during the last one (1) year of Employee's employment with MEDTRONIC.

**4.2      Prohibition on Solicitation of MEDTRONIC Employees.**   Employee agrees that at all times while employed by MEDTRONIC, and for one (1) year thereafter, Employee will not solicit, cause to be solicited, or participate in or promote the solicitation of any person to terminate that person's employment with MEDTRONIC or to breach that person's employment agreement with MEDTRONIC.

**4.3      Post-Employment Disclosure.**   In the event Employee's employment with MEDTRONIC terminates, Employee agrees that during the term of the restrictions described in Section 4.1, Employee will promptly inform MEDTRONIC of the identity of any new employer, the job title of Employee's new position, and a description of any services to be rendered to that employer.  In addition, Employee agrees to respond within ten (10) days to any written request from MEDTRONIC for further information concerning Employee's work activities sufficient to provide MEDTRONIC with assurances that Employee is not violating any of the obligations Employee has undertaken in this Agreement.

**4.4      Ancillary Promises.**   The promises of Employee to MEDTRONIC contained in Sections 3.3, 3.4, 3.5 and 3.6 are reciprocal to the promises of MEDTRONIC to Employee contained in Section 3.1.  MEDTRONIC's promises to Employee contained in Section 3.1 give rise to MEDTRONIC's interest in enforcing Employee's promises in Sections 4.1, 4.2 and 4.3, which promises of Employee to MEDTRONIC are ancillary to the reciprocal promises of MEDTRONIC and Employee contained in Sections 3.1, 3.3, 3.4 3.5 and 3.6 and are intended to enforce Employee's promises to MEDTRONIC contained in Sections 3.3, 3.4, 3.5 and 3.6.

0310

5

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

## SECTION 5:   COMPENSATION FOR NON-COMPETITION PERIOD

**5.1    Post-Termination Compensation.**   If Employee is unable to accept a bona fide offer of employment from a new employer solely on account of Section 4.1 and subsequently experiences Economic Hardship as a result thereof, MEDTRONIC will make a Payment to the Employee as provided herein.

**5.2    Definitions.**   In this Section 5, "Payment" means an amount equal to the Employee's Monthly Base Pay minus any Other Compensation the Employee receives or is entitled to receive for each month during which benefits are sought (less applicable state and federal taxes). "Monthly Base Pay" shall be calculated by determining Employee's total salary and commissions (excluding benefits, bonuses, and any indirect or deferred compensation) for the last four (4) full MEDTRONIC fiscal quarters preceding termination of Employee's employment and dividing that amount by twelve. "Other Compensation" means unemployment compensation, severance benefits, and earned income whether received from MEDTRONIC or from any source other than MEDTRONIC. "General Counsel" means the General Counsel of MEDTRONIC or the designee of the General Counsel. "Economic Hardship" results when Other Compensation is less than 75% of Employee's Monthly Base Pay.

**5.3    Term.**   MEDTRONIC's obligation to make the Payments shall terminate upon expiration of the period specified in Section 4.1 or upon MEDTRONIC's written waiver at any time of Employee's obligations under Section 4.1, whichever comes first.

**5.4    Requirement of Bona Fide Offer.**   MEDTRONIC shall be obliged to make an initial Payment provided in Section 5.1 only if (1) Employee provides the General Counsel of MEDTRONIC written confirmation of a bona fide offer of employment within ten (10) days after receipt of the offer by the Employee, and (2) the General Counsel determines that Employee is unable to accept the offer solely because of Section 4.1. Upon making such a determination, the General Counsel shall notify the Employee that the Employee is entitled to an initial Payment, provide the Employee with the address to which Employee shall provide the Reports required by Section 5.5, and direct the appropriate MEDTRONIC personnel to make an initial Payment.

**5.5    Reporting Requirement.**   After the General Counsel determines that Employee is entitled to received an initial Payment, MEDTRONIC will be obliged to make any subsequent Payments only if Employee delivers to the address specified by the General Counsel the following Report by the tenth (10th) day of each month in which the Employee seeks to receive subsequent Payments:

(a)     A statement describing the details of Employee's good faith efforts during the preceding calendar month to find employment consistent with Employee's education, abilities and experience which would not involve violation of Section 4.1 and describing the reasons, if any, that Employee was unable to find such a position.

0310

6

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

(b)    A statement by the Employee that the Employee has not violated any provision described in Section 8.3 of this Agreement.

(c)    A statement of the name, address and telephone number of any person or entity from which the Employee received earned income during the preceding calendar month.

(d)    Written evidence (*e.g.*, check stubs, direct deposit notices) of all Other Compensation received by Employee during the preceding calendar month.

If all required information listed above is timely provided and if MEDTRONIC determines that (1) Employee has made adequate good faith efforts under subparagraph (a) above and (2) the Restrictions on Competition in Section 4.1 have resulted in Economic Hardship to Employee, MEDTRONIC will make a Payment to the Employee.

**5.6    Right to Waive.** MEDTRONIC shall have no obligation to make any Payments provided in Section 5.1 if (1) within ten (10) days after MEDTRONIC is provided a copy of the bona fide written offer of employment by Employee, MEDTRONIC, in its sole and unreviewable discretion, provides a complete or conditional waiver of its right to enforce Section 4.1 as to the specific position described in the bona fide offer of employment or (2) within ten (10) days of making a Payment under Section 5.4 or Section 5.5, MEDTRONIC, in its sole and unreviewable discretion, waives its right to enforce Section 4.1 for the remaining period of the restriction. Such waivers shall be in writing signed by the General Counsel.

## SECTION 6:  INVENTIONS

**6.1    Disclosure.** Employee agrees to promptly disclose to MEDTRONIC in writing all INVENTIONS.

**6.2    Ownership, Assignment and Recordkeeping.** All INVENTIONS shall be the exclusive property of MEDTRONIC. Employee hereby assigns all INVENTIONS to MEDTRONIC. Employee agrees to keep accurate, complete and timely records of Employee's INVENTIONS, which records shall be the property of MEDTRONIC and shall be retained on MEDTRONIC's premises.

**6.3    Cooperation.** During and after the termination of Employee's employment, Employee agrees to give MEDTRONIC all cooperation and assistance necessary to perfect, protect, and use its rights to INVENTIONS. Without limiting the generality of the foregoing, Employee agrees to sign all documents, do all things, and supply all information that MEDTRONIC may deem necessary to (a) transfer or record the transfer of Employee's entire right, title and interest in INVENTIONS, and (b) enable MEDTRONIC to obtain patent, copyright or trademark protection for INVENTIONS anywhere in the world.

0310

7

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

6.4    **Attorney-in-Fact.**  Employee irrevocably designates and appoints MEDTRONIC and its duly authorized officers and agents as attorney-in-fact to act for and in Employee's behalf and stead to execute and file any lawful and necessary documents, and to do all other lawfully permitted acts, required for the assignment of, application for, or prosecution of any United States or foreign application for letters patent, copyright or trademark with the same legal force and effect as if executed by Employee.

6.5    **Waiver.**  Employee hereby waives and quitclaims to MEDTRONIC any and all claims, of any nature whatsoever, which Employee may now have or may hereafter have for infringement of any patent, copyright, or trademark resulting from any INVENTION.

6.6    **Future Patents.**  Any INVENTION relating to the business of MEDTRONIC with respect to which Employee files a patent application within one (1) year following termination of Employee's employment shall be presumed to cover INVENTIONS conceived by Employee during the term of Employee's employment, subject to proof to the contrary by Employee by good faith, contemporaneous, written and duly corroborated records establishing that such INVENTION was conceived and made following termination of employment and without using CONFIDENTIAL INFORMATION.

6.7    **Release or License.**  If an INVENTION does not relate to the existing or reasonably foreseeable business interests of MEDTRONIC, MEDTRONIC may, in its sole and unreviewable discretion, release or license the INVENTION to the Employee upon written request by the Employee.  No release or license shall be valid unless in writing signed by MEDTRONIC's Chief Patent Counsel or MEDTRONIC's General Counsel.

6.8    **Notice.**  Pursuant to Minnesota Statutes Section 181.78, Employee is hereby notified that this Agreement does not apply to any INVENTION for which no equipment, supplies, facility or trade secret information of MEDTRONIC was used and which was developed entirely on the Employee's own time, and (1) which does not relate (a) directly to the business of MEDTRONIC or (b) to MEDTRONIC's actual or demonstrably anticipated research or development, or (2) which does not result from any work performed by the Employee for MEDTRONIC.

## SECTION 7:  GOVERNING LAW, VENUE AND JURISDICTION

7.1    **Place of Agreement.**  Because Medtronic, Inc. is a Minnesota corporation with its principal place of business located in Minnesota, and because it is mutually agreed that it is in the best interests of MEDTRONIC and all of its employees that a uniform body of law consistently interpreted be applied to the employment agreements between MEDTRONIC and all of its employees, this Agreement is deemed entered into in the State of Minnesota between MEDTRONIC and Employee, and the substantive laws of Minnesota and the exclusive jurisdiction of the courts of Minnesota shall be applicable hereto on the terms and conditions specified below.

0310

8

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**7.2    Governing Law.**   The validity, enforceability, construction and interpretation of this Agreement shall be governed by the laws of the State of Minnesota.  Employee irrevocably waives Employee's right, if any, to have the laws of any state other than the State of Minnesota apply to this Agreement.

**7.3    Venue and Personal Jurisdiction.**   Any dispute arising out of or related to this Agreement, or any breach or alleged breach hereof, shall be exclusively decided by a state court in the State of Minnesota.  Employee irrevocably waives Employee's right, if any, to have any disputes between Employee and MEDTRONIC arising out of or related to this Agreement decided in any jurisdiction or venue other than a state court in the State of Minnesota.  Employee hereby irrevocably consents to the personal jurisdiction of the state courts in the State of Minnesota for the purposes of any action arising out of or related to this Agreement.

**7.4    Covenant Not to Sue.**   Employee irrevocably covenants not to sue MEDTRONIC in any jurisdiction other than a state court in the State of Minnesota for the purposes of any action arising out of or related to this Agreement.  Employee further agrees not to assist, aid, abet, encourage, be a party to, or participate in the commencement or prosecution of any lawsuit or action by any third party arising out of or related to this Agreement in any jurisdiction or venue other than a state court in the State of Minnesota; provided, however, that nothing herein shall prohibit or restrict Employee from being a witness or otherwise providing evidence in any action pursuant to court order or subpoena.

## SECTION 8:  OTHER PROVISIONS

**8.1    Obligations Unconditional.**   The obligation of the parties to perform the terms of this Agreement is unconditional and does not depend on the performance or nonperformance of any terms, duties, or obligations not specifically recited in this Agreement.   Employee irrevocably waives Employee's right to challenge the enforceability or validity of any portion of this Agreement.

**8.2    Waiver.**   No waiver by MEDTRONIC of any breach of this Agreement by Employee shall be valid unless contained in a writing signed by the General Counsel of MEDTRONIC or the General Counsel's designee.  Waiver of any breach of this Agreement shall not constitute, or be deemed, a waiver of any other breach of this Agreement.

**8.3    Provisions Survive Termination.**   To the extent that any provisions of this Agreement apply to the time period after, or require performance or enforcement after, termination of Employee's employment, all such provisions survive the termination of Employee's employment and termination of this Agreement and may be enforced subsequent thereto.  Without limiting the generality of the foregoing, Section 1, Sections 3.2, 3.3, 3.4, 3.5 and 3.6, Section 4, Section 5, Section 6 and Section 7 each survive termination of Employee's employment and termination of this Agreement.

**8.4    Prior Agreements.**   Except to the extent provided in Section 8.5, all prior agreements, if any, between MEDTRONIC and Employee relating to any part of the subject

0310

9

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

matter of this Agreement are superseded and rendered null and void upon execution of this Agreement by Employee; provided, however, that nothing in this Agreement invalidates, renders null or void, or otherwise affects any term or provision of any MEDTRONIC compensation or benefit plan or any agreements related thereto.

8.5 **Validity Not Impaired.** In the event that any provision of this Agreement is unenforceable under applicable law, the validity or enforceability of the remaining provisions shall not be affected. To the extent any provision of this Agreement is judicially determined to be unenforceable, any provisions of any prior agreement between Employee and MEDTRONIC addressing the subject matter of the unenforceable provision shall be deemed to govern the relationship between Employee and MEDTRONIC.

8.6 **Transfer or Assignment.** MEDTRONIC may transfer or assign its rights and obligations pursuant to this Agreement to its successors or assigns.

8.7 **Tolling.** In the event Employee breaches or violates Sections 4.1, 4.2 or 4.3 hereinabove, the duration of the restrictions contained therein shall be extended by the number of days the Employee remains in breach or violation thereof. This provision may be specifically enforced.

This Agreement becomes binding and effective on MEDTRONIC and Employee upon signature by Employee.

Date: 7-23-10

Robby Woguespack
Employee Name (please print)

Employee Signature

0310

10

EXHIBIT A to COMPLAINT          Page 34 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN





# LOUISIANA EMPLOYEE AGREEMENT

## INTRODUCTION

Medtronic and the undersigned Employee recognize it is important that Medtronic protect its rights with respect to its confidential business and product information, inventions, and customer relationships without unduly impairing the Employee's ability to pursue his/her profession. Medtronic and the Employee also recognize that Medtronic provides valuable training to Employee, entrusts Employee with confidential information, business and customer relationships and goodwill, and compensates Employee to support, develop, administer, maintain, promote, market and/or sell Medtronic products.

Accordingly, Employee enters into this Agreement in consideration for the following: (i) Medtronic's offer of employment or continuing employment and the benefits associated with that employment; (ii) Medtronic's promise of granting Employee access to confidential information necessary to perform Employee's duties; (iii) Medtronic's actual grant to Employee of access to confidential information necessary to perform the Employee's duties; (iv) Medtronic's promise to provide Employee valuable training, (v) Medtronic's actual provision of training to Employee; (vi) Medtronic's promise to provide Employee access to Medtronic's business and customer relationships and goodwill; (vii) Medtronic's actual provision to Employee of access to Medtronic's business and customer relationships and goodwill; (viii) Medtronic's obligations to the Employee contained in this Agreement; (ix) or other consideration which the Employee acknowledges was received and was sufficient consideration for the promises in this Agreement.

## SECTION I: DEFINITIONS

**PLEASE NOTE: Terms that are CAPITALIZED have the following defined meaning whenever used in this Agreement:**

1.1 **COMPETITIVE PRODUCT** means goods, products, product lines or services, and each and every component thereof, developed, designed, produced, manufactured, marketed, promoted, sold, supported, serviced, or that are in development or the subject of research by anyone other than MEDTRONIC that are the same or similar, perform any of the same or similar functions, may be substituted for, or are intended or used for any of the same purposes as a MEDTRONIC PRODUCT.

0611

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**1.2    COMPETITIVE RESEARCH AND SUPPORT** means any research, development, analysis, planning or support services of any kind or nature, including without limitation theoretical and applied research, or business, technical, regulatory or systems research, analysis, planning or support, for a CONFLICTING ORGANIZATION that is intended for, or may be useful in, assisting, improving or enhancing any aspect of the development, design, production, manufacture, marketing, promotion, sale, support or service of a COMPETITIVE PRODUCT.

**1.3    CONFIDENTIAL INFORMATION** means any information relating to MEDTRONIC's business, including a formula, pattern, compilation, program, device, method, technique, system, plan, or process, that the Employee learns or develops during the course of Employee's employment by MEDTRONIC that derives independent economic value from not being generally known, or readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use. CONFIDENTIAL INFORMATION includes but is not limited to trade secrets and INVENTIONS and, without limitation, may relate to research; development; experiments; clinical investigations; clinical trials; clinical and product development results and data; engineering; product specifications; computer programs; computer software; hardware configurations; manufacturing processes; compositions; algorithms; know-how; methods; machines; management systems and techniques; strategic plans; long-range plans; operating plans; organizational plans; financial plans; financial models; financial projections; nonpublic financial information; business, financial, planning, and strategic systems and methods; operating systems; information systems; acquisition and divestiture goals, plans, strategies or targets; regulatory strategies, plans and approaches; quality control systems and techniques; patent and intellectual property strategies, plans and approaches; vendor and customer data; employee and personnel data; human resources goals, plans and strategies; human resource management techniques; sales volumes; pricing strategies; sales and marketing plans and strategies; contracts and bids; and any business management techniques that are being planned or developed, utilized or executed by MEDTRONIC.

**1.4    CONFLICTING ORGANIZATION** means any person (including the Employee) or entity, and any parent, subsidiary, partner or affiliate (regardless of their legal form) of any person or entity, that engages in, or is about to become engaged in, the development, design, production, manufacture, promotion, marketing, sale, support or service of a COMPETITIVE PRODUCT or in COMPETITIVE RESEARCH AND SUPPORT.

**1.5    INVENTION(S)** means any and all inventions, discoveries, ideas, processes, writings, works of authorship, designs, developments and improvements, whether or not protectible under the applicable patent, trademark or copyright statutes, generated, conceived or reduced to practice by the Employee, alone or in conjunction with others, while employed by MEDTRONIC.

**1.6    MEDTRONIC** means Medtronic, Inc., a Minnesota corporation with its principal place of business in the State of Minnesota, and all of its parents, subsidiaries or affiliated corporations, and their successors and assigns, that exist or may exist during all or any portion of the time this Agreement is in effect.

EXHIBIT B to COMPLAINT                 Page 36 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**1.7    MEDTRONIC CUSTOMER(S)** means any person, entity or institution, including the employees, agents or representatives who controlled, directed or influenced the purchasing decisions of any such person, entity or institution, to whom or to which Employee sold, negotiated the sales, supported, marketed or promoted products or services on behalf of MEDTRONIC during the last one (1) year in which Employee was employed by MEDTRONIC.

**1.8    MEDTRONIC PRODUCT(S)** means any goods, products, or product lines (a) that the services the Employee (or persons under Employee's management, direction or supervision) performed for MEDTRONIC related to, directly or indirectly, during the last one (1) year in which the Employee was employed by MEDTRONIC, including without limitation services in the areas of research, design, development, production, manufacture, marketing, promotion, sales, or business, technical, regulatory or systems research, analysis, planning or support relating to such goods, products, or product lines, or (b) with respect to which Employee at any time received or otherwise obtained or learned CONFIDENTIAL INFORMATION.

## SECTION 2: EMPLOYMENT

**2.1    Employment At-Will.**  MEDTRONIC agrees to employ or continue to employ Employee at-will.  The parties agree that either party may terminate Employee's employment at any time for any reason.  This Agreement is ancillary to at-will employment and does not purport to include all of the terms of, or supersede, that relationship.  This Section 2.1 does not apply if Employee and MEDTRONIC are parties to an existing written term employment agreement.

**2.2    Compensation.**    The compensation, benefits, and other financial terms and conditions applicable to Employee's employment at the inception of this Agreement are set forth in separate documents provided to Employee.  Any changes in the compensation and/or benefits of Employee after this Agreement becomes effective shall not terminate or invalidate this Agreement or affect or impair the validity or enforceability of this Agreement.

**2.3    Duties.**    Employee agrees to diligently, loyally and faithfully perform and discharge the duties assigned to Employee from time to time, and all duties associated therewith, to engage in no activities detrimental to MEDTRONIC's interests, to be familiar with MEDTRONIC policies that relate to Employee's duties, and to abide by MEDTRONIC's policies as they exist from time to time, including, without limitation, MEDTRONIC's policies regarding Code of Conduct, Business Conduct Standards, and CONFIDENTIAL INFORMATION.  This Agreement continues in force and effect if the Employee's duties, title, or location of work for MEDTRONIC change after this Agreement becomes effective, and any such change shall not terminate or invalidate this Agreement or affect or impair the validity or enforceability of this Agreement.

**2.4    Protection of Former Employer.**  Employee agrees not to divulge to, or use for the benefit of, MEDTRONIC any proprietary, trade secret, or confidential information of a former employer.

0611

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

## SECTION 3:  TRAINING, CONFIDENTIAL INFORMATION AND GOODWILL

**3.1    MEDTRONIC's Promises To Employee.**  MEDTRONIC agrees that:  (a) upon commencement of employment it will provide Employee with one or more of the following: appropriate valuable training which may include but not be limited to self-study materials and course work, classroom training, on-the-job training, and other forms of training, MEDTRONIC's valuable business and customer relationships, MEDTRONIC's goodwill, and CONFIDENTIAL INFORMATION; and (b) from time to time throughout the course of Employee's employment, MEDTRONIC will continue to provide training, access to valuable business and customer relationships, goodwill and CONFIDENTIAL INFORMATION to Employee.

**3.2    Goodwill.**  Employee acknowledges that MEDTRONIC owns the goodwill in Employee's relationships with MEDTRONIC CUSTOMERS that Employee maintains or develops in the course and scope of Employee's employment by MEDTRONIC.  If Employee owned goodwill in customer relationships when Employee commenced employment with MEDTRONIC, Employee assigns any and all such goodwill to MEDTRONIC, and MEDTRONIC shall become the owner of such goodwill.

**3.3    Employee's Use of Training, Business and Customer Relationships, Goodwill and CONFIDENTIAL INFORMATION.**  MEDTRONIC agrees to provide Employee with valuable training and to entrust Employee with such of MEDTRONIC's valuable business and customer relationships, goodwill and CONFIDENTIAL INFORMATION as is necessary for Employee to discharge Employee's duties.  Employee agrees to use such valuable training and to continue to develop such relationships, goodwill and CONFIDENTIAL INFORMATION solely and exclusively for MEDTRONIC's benefit.

**3.4    Fiduciary Duties.**  Employee agrees that Employee shall treat all CONFIDENTIAL INFORMATION, training, business and customer relationships, and goodwill entrusted to Employee by MEDTRONIC as a fiduciary, and Employee accepts and undertakes all of the obligations of a fiduciary, including good faith, trust, confidence and candor, and Employee agrees to use such training and to maintain, protect and develop CONFIDENTIAL INFORMATION, business and customer relationships, and goodwill solely and exclusively for the benefit of MEDTRONIC.

**3.5    MEDTRONIC Property.**  All documents and things provided to Employee by MEDTRONIC for use in connection with Employee's employment, or created by the Employee in the course and scope of Employee's employment by MEDTRONIC, are the property of MEDTRONIC and shall be held by Employee as a fiduciary on behalf of MEDTRONIC.  Upon termination of Employee's employment, Employee shall return promptly to MEDTRONIC, without the requirement of a prior demand by MEDTRONIC, all such documents and things, together with all copies, recordings, abstracts, notes, reproductions or electronic versions of any kind made from or about the documents and things or the information they contain.

0611

4

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**3.6    Nondisclosure.** Employee agrees not to use or disclose any CONFIDENTIAL INFORMATION to or for the benefit of anyone other than MEDTRONIC, either during or after employment, for as long as the information retains the characteristics described in Section 1.3. Employee further agrees and understands that this provision prohibits Employee from rendering services to a CONFLICTING ORGANIZATION following termination of employment with MEDTRONIC to the extent that Employee would use, disclose or rely upon CONFIDENTIAL INFORMATION or be induced or required to use, disclose or rely upon CONFIDENTIAL INFORMATION during the course of rendering such services.

## SECTION 4:  POST-EMPLOYMENT RESTRICTIONS

**4.1    Restrictions on Competition.** Employee agrees that for a duration of one (1) year after the last day Employee is employed by MEDTRONIC, Employee will not solicit, sell to, support the sale of COMPETITIVE PRODUCTS to, contact, or attempt to divert business from, whether directly or by managing, directing or supervising others, any MEDTRONIC CUSTOMER on behalf of a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT either in the Louisiana Parishes and/or Municipalities that are included within Employee's identified MEDTRONIC sales territory (provided Employee has engaged in sales activities on behalf of MEDTRONIC in those Louisiana Parishes and/or Municipalities during the last one (1) year of Employee's employment with MEDTRONIC) or in the Louisiana Parishes and/or Municipalities that MEDTRONIC engaged in business within and that Employee's services to MEDTRONIC supported during the last one (1) year of Employee's employment with MEDTRONIC.

**4.2    Prohibition on Solicitation of MEDTRONIC Employees.** Employee agrees that at all times while employed by MEDTRONIC, and for one (1) year thereafter, Employee will not solicit, cause to be solicited, or participate in or promote the solicitation of any person to terminate that person's employment with MEDTRONIC or to breach that person's employment agreement with MEDTRONIC.

**4.3    Post-Employment Disclosure.** In the event Employee's employment with MEDTRONIC terminates, Employee agrees that during the term of the restrictions described in Section 4.1, Employee will promptly inform MEDTRONIC of the identity of any new employer, the job title of Employee's new position, and a description of any services to be rendered to that employer. In addition, Employee agrees to respond within ten (10) days to any written request from MEDTRONIC for further information concerning Employee's work activities sufficient to provide MEDTRONIC with assurances that Employee is not violating any of the obligations Employee has undertaken in this Agreement.

**4.4    Ancillary Promises.** The promises of Employee to MEDTRONIC contained in Sections 3.3, 3.4, 3.5 and 3.6 are reciprocal to the promises of MEDTRONIC to Employee contained in Section 3.1. MEDTRONIC's promises to Employee contained in Section 3.1 give rise to MEDTRONIC's interest in enforcing Employee's promises in Sections 4.1, 4.2 and 4.3, which promises of Employee to MEDTRONIC are ancillary to the reciprocal promises of

0611

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

MEDTRONIC and Employee contained in Sections 3.1, 3.3, 3.4 3.5 and 3.6 and are intended to enforce Employee's promises to MEDTRONIC contained in Sections 3.3, 3.4, 3.5 and 3.6.

## SECTION 5:   COMPENSATION FOR NON-COMPETITION PERIOD

**5.1    Post-Termination Compensation.**  If Employee is unable to accept a bona fide offer of employment from a new employer solely on account of Section 4.1 and subsequently experiences Economic Hardship as a result thereof, MEDTRONIC will make a Payment to the Employee as provided herein.

**5.2    Definitions.**    In this Section 5, "Payment" means an amount equal to the Employee's Monthly Base Pay minus any Other Compensation the Employee receives or is entitled to receive for each month during which benefits are sought (less applicable state and federal taxes). "Monthly Base Pay" shall be calculated by determining Employee's total salary and commissions (excluding benefits, bonuses, and any indirect or deferred compensation) for the last four (4) full MEDTRONIC fiscal quarters preceding termination of Employee's employment and dividing that amount by twelve. "Other Compensation" means unemployment compensation, severance benefits, and earned income whether received from MEDTRONIC or from any source other than MEDTRONIC. "General Counsel" means the General Counsel of MEDTRONIC or the designee of the General Counsel. "Economic Hardship" results when Other Compensation is less than 75% of Employee's Monthly Base Pay.

**5.3    Term.**   MEDTRONIC's obligation to make the Payments shall terminate upon expiration of the period specified in Section 4.1 or upon MEDTRONIC's written waiver at any time of Employee's obligations under Section 4.1, whichever comes first.

**5.4    Requirement of Bona Fide Offer.**   MEDTRONIC shall be obliged to make an initial Payment provided in Section 5.1 only if (1) Employee provides the General Counsel of MEDTRONIC written confirmation of a bona fide offer of employment within ten (10) days after receipt of the offer by the Employee, and (2) the General Counsel determines that Employee is unable to accept the offer solely because of Section 4.1.  Upon making such a determination, the General Counsel shall notify the Employee that the Employee is entitled to an initial Payment, provide the Employee with the address to which Employee shall provide the Reports required by Section 5.5, and direct the appropriate MEDTRONIC personnel to make an initial Payment.

**5.5    Reporting Requirement.**   After the General Counsel determines that Employee is entitled to receive an initial Payment, MEDTRONIC will be obliged to make any subsequent Payments only if Employee delivers to the address specified by the General Counsel the following Report by the tenth (10th) day of each month in which the Employee seeks to receive subsequent Payments:

(a)    A statement describing the details of Employee's good faith efforts during the preceding calendar month to find employment consistent with Employee's education, abilities and experience which would not involve

0611

6

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

violation of Section 4.1 and describing the reasons, if any, that Employee was unable to find such a position.

(b)    A statement by the Employee that the Employee has not violated any provision described in Section 8.3 of this Agreement.

(c)    A statement of the name, address and telephone number of any person or entity from which the Employee received earned income during the preceding calendar month.

(d)    Written evidence (e.g., check stubs, direct deposit notices) of all Other Compensation received by Employee during the preceding calendar month.

If all required information listed above is timely provided and if MEDTRONIC determines that (1) Employee has made adequate good faith efforts under subparagraph (a) above and (2) the Restrictions on Competition in Section 4.1 have resulted in Economic Hardship to Employee, MEDTRONIC will make a Payment to the Employee.

5.6    **Right to Waive.**    MEDTRONIC shall have no obligation to make any Payments provided in Section 5.1 if (1) within ten (10) days after MEDTRONIC is provided a copy of the bona fide written offer of employment by Employee, MEDTRONIC, in its sole and unreviewable discretion, provides a complete or conditional waiver of its right to enforce Section 4.1 as to the specific position described in the bona fide offer of employment or (2) within ten (10) days of making a Payment under Section 5.4 or Section 5.5, MEDTRONIC, in its sole and unreviewable discretion, waives its right to enforce Section 4.1 for the remaining period of the restriction. Such waivers shall be in writing signed by the General Counsel.

## SECTION 6.  INVENTIONS

6.1    **Disclosure.**    Employee agrees to promptly disclose to MEDTRONIC in writing all INVENTIONS.

6.2    **Ownership, Assignment and Recordkeeping.**    All INVENTIONS shall be the exclusive property of MEDTRONIC.  Employee hereby assigns all INVENTIONS to MEDTRONIC.  Employee agrees to keep accurate, complete and timely records of Employee's INVENTIONS, which records shall be the property of MEDTRONIC and shall be retained on MEDTRONIC's premises.

6.3    **Cooperation.**    During and after the termination of Employee's employment, Employee agrees to give MEDTRONIC all cooperation and assistance necessary to perfect, protect, and use its rights to INVENTIONS.  Without limiting the generality of the foregoing, Employee agrees to sign all documents, do all things, and supply all information that MEDTRONIC may deem necessary to (a) transfer or record the transfer of Employee's entire

0611

7

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

right, title and interest in INVENTIONS, and (b) enable MEDTRONIC to obtain patent, copyright or trademark protection for INVENTIONS anywhere in the world.

**6.4    Attorney-in-Fact.**  Employee irrevocably designates and appoints MEDTRONIC and its duly authorized officers and agents as attorney-in-fact to act for and in Employee's behalf and stead to execute and file any lawful and necessary documents, and to do all other lawfully permitted acts, required for the assignment of, application for, or prosecution of any United States or foreign application for letters patent, copyright or trademark with the same legal force and effect as if executed by Employee.

**6.5    Waiver.**  Employee hereby waives and quitclaims to MEDTRONIC any and all claims, of any nature whatsoever, which Employee may now have or may hereafter have for infringement of any patent, copyright, or trademark resulting from any INVENTION.

**6.6    Future Patents.**  Any INVENTION relating to the business of MEDTRONIC with respect to which Employee files a patent application within one (1) year following termination of Employee's employment shall be presumed to cover INVENTIONS conceived by Employee during the term of Employee's employment, subject to proof to the contrary by Employee by good faith, contemporaneous, written and duly corroborated records establishing that such INVENTION was conceived and made following termination of employment and without using CONFIDENTIAL INFORMATION.

**6.7    Release or License.**  If an INVENTION does not relate to the existing or reasonably foreseeable business interests of MEDTRONIC, MEDTRONIC may, in its sole and unreviewable discretion, release or license the INVENTION to the Employee upon written request by the Employee.  No release or license shall be valid unless in writing signed by MEDTRONIC's Chief Patent Counsel or MEDTRONIC's General Counsel.

**6.8    Notice.**  Pursuant to Minnesota Statutes Section 181.78, Employee is hereby notified that this Agreement does not apply to any INVENTION for which no equipment, supplies, facility or trade secret information of MEDTRONIC was used and which was developed entirely on the Employee's own time, and (1) which does not relate (a) directly to the business of MEDTRONIC or (b) to MEDTRONIC's actual or demonstrably anticipated research or development, or (2) which does not result from any work performed by the Employee for MEDTRONIC.

## SECTION 7:  GOVERNING LAW, VENUE AND JURISDICTION

**7.1    Place of Agreement.**  Because Medtronic, Inc. is a Minnesota corporation with its principal place of business located in Minnesota, and because it is mutually agreed that it is in the best interests of MEDTRONIC and all of its employees that a uniform body of law consistently interpreted be applied to the employment agreements between MEDTRONIC and all of its employees, this Agreement is deemed entered into in the State of Minnesota between MEDTRONIC and Employee, and the substantive laws of Minnesota and the exclusive

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

jurisdiction of the courts of Minnesota shall be applicable hereto on the terms and conditions specified below.

**7.2**    **Governing Law.**    The validity, enforceability, construction and interpretation of this Agreement shall be governed by the laws of the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have the laws of any state other than the State of Minnesota apply to this Agreement.

**7.3**    **Venue and Personal Jurisdiction.**    Any dispute arising out of or related to this Agreement, or any breach or alleged breach hereof, shall be exclusively decided by a state court in the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have any disputes between Employee and MEDTRONIC arising out of or related to this Agreement decided in any jurisdiction or venue other than a state court in the State of Minnesota. Employee hereby irrevocably consents to the personal jurisdiction of the state courts in the State of Minnesota for the purposes of any action arising out of or related to this Agreement.

**7.4**    **Covenant Not to Sue.**    Employee irrevocably covenants not to sue MEDTRONIC in any jurisdiction other than a state court in the State of Minnesota for the purposes of any action arising out of or related to this Agreement. Employee further agrees not to assist, aid, abet, encourage, be a party to, or participate in the commencement or prosecution of any lawsuit or action by any third party arising out of or related to this Agreement in any jurisdiction or venue other than a state court in the State of Minnesota; provided, however, that nothing herein shall prohibit or restrict Employee from being a witness or otherwise providing evidence in any action pursuant to court order or subpoena.

### SECTION 8:  OTHER PROVISIONS

**8.1**    **Obligations Unconditional.**    The obligation of the parties to perform the terms of this Agreement is unconditional and does not depend on the performance or nonperformance of any terms, duties, or obligations not specifically recited in this Agreement. Employee irrevocably waives Employee's right to challenge the enforceability or validity of any portion of this Agreement.

**8.2**    **Waiver.**    No waiver by MEDTRONIC of any breach of this Agreement by Employee shall be valid unless contained in a writing signed by the General Counsel of MEDTRONIC or the General Counsel's designee. Waiver of any breach of this Agreement shall not constitute, or be deemed, a waiver of any other breach of this Agreement.

**8.3**    **Provisions Survive Termination.**    To the extent that any provisions of this Agreement apply to the time period after, or require performance or enforcement after, termination of Employee's employment, all such provisions survive the termination of Employee's employment and termination of this Agreement and may be enforced subsequent thereto. Without limiting the generality of the foregoing, Section 1, Sections 3.2, 3.3, 3.4, 3.5 and 3.6, Section 4, Section 5, Section 6 and Section 7 each survive termination of Employee's employment and termination of this Agreement.

0611

9

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**8.4    Prior Agreements.**    Except to the extent provided in Section 8.5, all prior agreements, if any, between MEDTRONIC and Employee relating to any part of the subject matter of this Agreement are superseded and rendered null and void upon execution of this Agreement by Employee; provided, however, that nothing in this Agreement invalidates, renders null or void, or otherwise affects any term or provision of any MEDTRONIC compensation or benefit plan or any agreements related thereto, or any written term employment agreement.

**8.5    Validity Not Impaired.**    In the event that any provision of this Agreement is unenforceable under applicable law, the validity or enforceability of the remaining provisions shall not be affected. To the extent any provision of this Agreement is judicially determined to be unenforceable, any provisions of any prior agreement between Employee and MEDTRONIC addressing the subject matter of the unenforceable provision shall be deemed to govern the relationship between Employee and MEDTRONIC.

**8.6    Transfer or Assignment.**    MEDTRONIC may transfer or assign its rights and obligations pursuant to this Agreement to its successors or assigns.

**8.7    Tolling.**    In the event Employee breaches or violates Sections 4.1, 4.2 or 4.3 hereinabove, the duration of the restrictions contained therein shall be extended by the number of days the Employee remains in breach or violation thereof. This provision may be specifically enforced.

This Agreement becomes binding and effective on MEDTRONIC and Employee upon signature by Employee.

Date: 8/20/12

Steve Powell
Employee Name (please print)

Employee Signature

0611

10

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN



# EMPLOYEE AGREEMENT

## INTRODUCTION

Medtronic and the undersigned Employee recognize it is important that Medtronic protect its rights with respect to its confidential business and product information, inventions, and customer relationships without unduly impairing the Employee's ability to pursue his/her profession. Medtronic and the Employee also recognize that Medtronic provides valuable training to Employee, entrusts Employee with confidential information, business and customer relationships and goodwill, and compensates Employee to support, develop, administer, maintain, promote, market and/or sell Medtronic products.

Accordingly, Employee enters into this Agreement in consideration for the following: (i) Medtronic's offer of employment or continuing employment and the benefits associated with that employment; (ii) Medtronic's promise of granting Employee access to confidential information necessary to perform Employee's duties; (iii) Medtronic's actual grant to Employee of access to confidential information necessary to perform the Employee's duties; (iv) Medtronic's promise to provide Employee valuable training, (v) Medtronic's actual provision of training to Employee; (vi) Medtronic's promise to provide Employee access to Medtronic's business and customer relationships and goodwill; (vii) Medtronic's actual provision to Employee of access to Medtronic's business and customer relationships and goodwill; (viii) Medtronic's obligations to the Employee contained in this Agreement; (ix) or other consideration which the Employee acknowledges was received and was sufficient consideration for the promises in this Agreement.

## SECTION 1 DEFINITIONS

**PLEASE NOTE: Terms that are CAPITALIZED have the following defined meaning whenever used in this Agreement:**

**1.1    COMPETITIVE PRODUCT** means goods, products, product lines or services, and each and every component thereof, developed, produced, manufactured, marketed, promoted, sold, supported, serviced, or that are in development or the subject of research by anyone other than MEDTRONIC that are the same or similar, perform any of the same or similar functions, may be substituted for, or are intended or used for any of the same purposes as a MEDTRONIC PRODUCT.

**1.2    COMPETITIVE RESEARCH AND SUPPORT** means any research, development, analysis, planning or support services of any kind or nature, including without limitation theoretical and applied research, or business, technical, regulatory or systems research,

0310

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

analysis, planning or support, for a CONFLICTING ORGANIZATION that is intended for, or may be useful in, assisting, improving or enhancing any aspect of the development, design, production, manufacture, marketing, promotion, sale, support or service of a COMPETITIVE PRODUCT.

1.3    **CONFIDENTIAL INFORMATION** means any information relating to MEDTRONIC's business, including a formula, pattern, compilation, program, device, method, technique, system, plan, or process, that the Employee learns or develops during the course of Employee's employment by MEDTRONIC that derives independent economic value from not being generally known, or readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use. CONFIDENTIAL INFORMATION includes but is not limited to trade secrets and INVENTIONS and, without limitation, may relate to research; development; experiments; clinical investigations; clinical trials; clinical and product development results and data; engineering; product specifications; computer programs; computer software; hardware configurations; manufacturing processes; compositions; algorithms; know-how; methods; machines; management systems and techniques; strategic plans; long-range plans; operating plans; organizational plans; financial plans; financial models; financial projections; nonpublic financial information; business, financial, planning, and strategic systems and methods; operating systems; information systems; acquisition and divestiture goals, plans, strategies or targets; regulatory strategies, plans and approaches; quality control systems and techniques; patent and intellectual property strategies, plans and approaches; vendor and customer data; employee and personnel data; human resources goals, plans and strategies; human resource management techniques; sales volumes; pricing strategies; sales and marketing plans and strategies; contracts and bids; and any business management techniques that are being planned or developed, utilized or executed by MEDTRONIC.

1.4    **CONFLICTING ORGANIZATION** means any person (including the Employee) or entity, and any parent, subsidiary, partner or affiliate (regardless of their legal form) of any person or entity, that engages in, or is about to become engaged in, the development, design, production, manufacture, promotion, marketing, sale, support or service of a COMPETITIVE PRODUCT or in COMPETITIVE RESEARCH AND SUPPORT.

1.5    **INVENTION(S)** means any and all inventions, discoveries, ideas, processes, writings, works of authorship, designs, developments and improvements, whether or not protectible under the applicable patent, trademark or copyright statutes, generated, conceived or reduced to practice by the Employee, alone or in conjunction with others, while employed by MEDTRONIC.

1.6    **MEDTRONIC** means Medtronic, Inc., a Minnesota corporation with its principal place of business in the State of Minnesota, and all of its parents, subsidiaries or affiliated corporations, and their successors and assigns, that exist or may exist during all or any portion of the time this Agreement is in effect.

1.7    **MEDTRONIC CUSTOMER(S)** means any person, entity or institution, including the employees, agents or representatives who controlled, directed or influenced the purchasing decisions of any such person, entity or institution, to whom or to which Employee

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

sold, negotiated the sales, supported, marketed or promoted products or services on behalf of MEDTRONIC during the last one (1) year in which Employee was employed by MEDTRONIC.

**1.8 MEDTRONIC PRODUCT(S)** means any goods, products, or product lines (a) that the services the Employee (or persons under Employee's management, direction or supervision) performed for MEDTRONIC related to, directly or indirectly, during the last one (1) year in which the Employee was employed by MEDTRONIC, including without limitation services in the areas of research, design, development, production, manufacture, marketing, promotion, sales, or business, technical, regulatory or systems research, analysis, planning or support relating to such goods, products, or product lines, or (b) with respect to which Employee at any time received or otherwise obtained or learned CONFIDENTIAL INFORMATION.

## SECTION 2: EMPLOYMENT

**2.1 Employment At-Will.** MEDTRONIC agrees to employ or continue to employ Employee at-will. The parties agree that either party may terminate Employee's employment at any time for any reason. This Agreement is ancillary to at-will employment and does not purport to include all of the terms of, or supersede, that relationship.

**2.2 Compensation.** The compensation, benefits, and other financial terms and conditions applicable to Employee's employment at the inception of this Agreement are set forth in separate documents provided to Employee. Any changes in the compensation and/or benefits of Employee after this Agreement becomes effective shall not terminate or invalidate this Agreement or affect or impair the validity or enforceability of this Agreement.

**2.3 Duties.** Employee agrees to diligently, loyally and faithfully perform and discharge the duties assigned to Employee from time to time, and all duties associated therewith, to engage in no activities detrimental to MEDTRONIC's interests, to be familiar with MEDTRONIC policies that relate to Employee's duties, and to abide by MEDTRONIC's policies as they exist from time to time, including, without limitation, MEDTRONIC's policies regarding Code of Conduct, Business Conduct Standards, and CONFIDENTIAL INFORMATION. This Agreement continues in force and effect if the Employee's duties, title, or location of work for MEDTRONIC change after this Agreement becomes effective, and any such change shall not terminate or invalidate this Agreement or affect or impair the validity or enforceability of this Agreement.

**2.4 Protection of Former Employer.** Employee agrees not to divulge to, or use for the benefit of, MEDTRONIC any proprietary, trade secret, or confidential information of a former employer.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

## SECTION 3:  TRAINING, CONFIDENTIAL INFORMATION AND GOODWILL

**3.1** **MEDTRONIC's Promises To Employee.** MEDTRONIC agrees that: (a) upon commencement of employment it will provide Employee with one or more of the following: appropriate valuable training which may include but not be limited to self-study materials and course work, classroom training, on-the-job training, and other forms of training, MEDTRONIC's valuable business and customer relationships, MEDTRONIC's goodwill, and CONFIDENTIAL INFORMATION; and (b) from time to time throughout the course of Employee's employment, MEDTRONIC will continue to provide training, access to valuable business and customer relationships, goodwill and CONFIDENTIAL INFORMATION to Employee.

**3.2** **Goodwill.** Employee acknowledges that MEDTRONIC owns the goodwill in Employee's relationships with MEDTRONIC CUSTOMERS that Employee maintains or develops in the course and scope of Employee's employment by MEDTRONIC. If Employee owned goodwill in customer relationships when Employee commenced employment with MEDTRONIC, Employee assigns any and all such goodwill to MEDTRONIC, and MEDTRONIC shall become the owner of such goodwill.

**3.3** **Employee's Use of Training, Business and Customer Relationships, Goodwill and CONFIDENTIAL INFORMATION.** MEDTRONIC agrees to provide Employee with valuable training and to entrust Employee with such of MEDTRONIC's valuable business and customer relationships, goodwill and CONFIDENTIAL INFORMATION as is necessary for Employee to discharge Employee's duties. Employee agrees to use such valuable training and to continue to develop such relationships, goodwill and CONFIDENTIAL INFORMATION solely and exclusively for MEDTRONIC's benefit.

**3.4** **Fiduciary Duties.** Employee agrees that Employee shall treat all CONFIDENTIAL INFORMATION, training, business and customer relationships, and goodwill entrusted to Employee by MEDTRONIC as a fiduciary, and Employee accepts and undertakes all of the obligations of a fiduciary, including good faith, trust, confidence and candor, and Employee agrees to use such training and to maintain, protect and develop CONFIDENTIAL INFORMATION, business and customer relationships, and goodwill solely and exclusively for the benefit of MEDTRONIC.

**3.5** **MEDTRONIC Property.** All documents and things provided to Employee by MEDTRONIC for use in connection with Employee's employment, or created by the Employee in the course and scope of Employee's employment by MEDTRONIC, are the property of MEDTRONIC and shall be held by Employee as a fiduciary on behalf of MEDTRONIC. Upon termination of Employee's employment, Employee shall return promptly to MEDTRONIC, without the requirement of a prior demand by MEDTRONIC, all such documents and things, together with all copies, recordings, abstracts, notes, reproductions or electronic versions of any kind made from or about the documents and things or the information they contain.

**3.6** **Nondisclosure.** Employee agrees not to use or disclose any CONFIDENTIAL INFORMATION to or for the benefit of anyone other than MEDTRONIC, either during or after

0310

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

employment, for as long as the information retains the characteristics described in Section 1.3. Employee further agrees and understands that this provision prohibits Employee from rendering services to a CONFLICTING ORGANIZATION following termination of employment with MEDTRONIC to the extent that Employee would use, disclose or rely upon CONFIDENTIAL INFORMATION or be induced or required to use, disclose or rely upon CONFIDENTIAL INFORMATION during the course of rendering such services. This provision is intended to govern any disclosure outside of MEDTRONIC. Please refer to Medtronic's Global Information Protection Policy for applicable restrictions on sharing Confidential Information with other MEDTRONIC Employees during your employment with MEDTRONIC.

## SECTION 4: POST-EMPLOYMENT RESTRICTIONS

**4.1    Restrictions on Competition.**    Employee agrees that while employed by MEDTRONIC, and for two (2) years after the last day Employee is employed by MEDTRONIC, Employee will not be employed by or otherwise perform services for a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT or COMPETITIVE RESEARCH AND SUPPORT. If, however, during the last twelve (12) months of employment with MEDTRONIC, Employee had no management duties or responsibilities and was engaged exclusively in sales activities, including selling, soliciting the sale, or supporting the sale of MEDTRONIC PRODUCTS through direct contact with MEDTRONIC CUSTOMERS, this restriction will be for a duration of only one (1) year after the last day Employee is employed by MEDTRONIC, and will prohibit Employee only from soliciting, selling to, contacting, or attempting to divert business from, whether directly or by managing, directing or supervising others, any MEDTRONIC CUSTOMER on behalf of a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT or COMPETITIVE RESEARCH AND SUPPORT.

**4.2    Prohibition on Solicitation of MEDTRONIC Employees.**    Employee agrees that at all times while employed by MEDTRONIC, and for one (1) year thereafter, Employee will not solicit, cause to be solicited, or participate in or promote the solicitation of any person to terminate that person's employment with MEDTRONIC or to breach that person's employment agreement with MEDTRONIC.

**4.3    Post-Employment Disclosure.**    In the event Employee's employment with MEDTRONIC terminates, Employee agrees that during the term of the restrictions described in Section 4.1, Employee will promptly inform MEDTRONIC of the identity of any new employer, the job title of Employee's new position, and a description of any services to be rendered to that employer. In addition, Employee agrees to respond within ten (10) days to any written request from MEDTRONIC for further information concerning Employee's work activities sufficient to provide MEDTRONIC with assurances that Employee is not violating any of the obligations Employee has undertaken in this Agreement.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

## SECTION 5:  COMPENSATION FOR NON-COMPETITION PERIOD

**5.1    Post-Termination Compensation.**  If Employee is unable to accept a bona fide offer of employment from a new employer solely on account of Section 4.1 and subsequently experiences Economic Hardship as a result thereof, MEDTRONIC will make a Payment to the Employee as provided herein.

**5.2    Definitions.**    In this Section 5, "Payment" means an amount equal to the Employee's Monthly Base Pay minus any Other Compensation the Employee receives or is entitled to receive for each month during which benefits are sought (less applicable state and federal taxes). "Monthly Base Pay" shall be calculated by determining Employee's total salary and commissions (excluding benefits, bonuses, and any indirect or deferred compensation) for the last four (4) full MEDTRONIC fiscal quarters preceding termination of Employee's employment and dividing that amount by twelve. "Other Compensation" means unemployment compensation, severance benefits, and earned income whether received from MEDTRONIC or from any source other than MEDTRONIC. "General Counsel" means the General Counsel of MEDTRONIC or the designee of the General Counsel. "Economic Hardship" results when Other Compensation is less than 75% of Employee's Monthly Base Pay.

**5.3    Term.**    MEDTRONIC's obligation to make the Payments shall terminate upon expiration of the period specified in Section 4.1 or upon MEDTRONIC's written waiver at any time of Employee's obligations under Section 4.1, whichever comes first.

**5.4    Requirement of Bona Fide Offer.**    MEDTRONIC shall be obliged to make an initial Payment provided in Section 5.1 only if (1) Employee provides the General Counsel of MEDTRONIC written confirmation of a bona fide offer of employment within ten (10) days after receipt of the offer by the Employee, and (2) the General Counsel determines that Employee is unable to accept the offer solely because of Section 4.1. Upon making such a determination, the General Counsel shall notify the Employee that the Employee is entitled to an initial Payment, provide the Employee with the address to which Employee shall provide the Reports required by Section 5.5, and direct the appropriate MEDTRONIC personnel to make an initial Payment.

**5.5    Reporting Requirement.**    After the General Counsel determines that Employee is entitled to receive an initial Payment, MEDTRONIC will be obliged to make any subsequent Payments only if Employee delivers to the address specified by the General Counsel the following Report by the tenth (10th) day of each month in which the Employee seeks to receive subsequent Payments:

(a)    A statement describing the details of Employee's good faith efforts during the preceding calendar month to find employment consistent with Employee's education, abilities and experience which would not involve violation of Section 4.1 and describing the reasons, if any, that Employee was unable to find such a position.

0310

6

EXHIBIT C to COMPLAINT

Page 50 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

(b)    A statement by the Employee that the Employee has not violated any provision described in Section 8.3 of this Agreement.

(c)    A statement of the name, address and telephone number of any person or entity from which the Employee received earned income during the preceding calendar month.

(d)    Written evidence (*e.g.*, check stubs, direct deposit notices) of all Other Compensation received by Employee during the preceding calendar month.

If all required information listed above is timely provided and if MEDTRONIC determines that (1) Employee has made adequate good faith efforts under subparagraph (a) above and (2) the Restrictions on Competition in Section 4.1 have resulted in Economic Hardship to Employee, MEDTRONIC will make a Payment to the Employee.

   5.6    **Right to Waive.**  MEDTRONIC shall have no obligation to make any Payments provided in Section 5.1 if (1) within ten (10) days after MEDTRONIC is provided a copy of the bona fide written offer of employment by Employee, MEDTRONIC, in its sole and unreviewable discretion, provides a complete or conditional waiver of its right to enforce Section 4.1 as to the specific position described in the bona fide offer of employment or (2) within ten (10) days of making a Payment under Section 5.4 or Section 5.5, MEDTRONIC, in its sole and unreviewable discretion, waives its right to enforce Section 4.1 for the remaining period of the restriction.  Such waivers shall be in writing signed by the General Counsel.

## SECTION 6:  INVENTIONS

   6.1    **Disclosure.**  Employee agrees to promptly disclose to MEDTRONIC in writing all INVENTIONS.

   6.2    **Ownership, Assignment and Recordkeeping.**  All INVENTIONS shall be the exclusive property of MEDTRONIC.   Employee hereby assigns all INVENTIONS to MEDTRONIC.  Employee agrees to keep accurate, complete and timely records of Employee's INVENTIONS, which records shall be the property of MEDTRONIC and shall be retained on MEDTRONIC's premises.

   6.3    **Cooperation.**    During and after the termination of Employee's employment, Employee agrees to give MEDTRONIC all cooperation and assistance necessary to perfect, protect, and use its rights to INVENTIONS.  Without limiting the generality of the foregoing, Employee agrees to sign all documents, do all things, and supply all information that MEDTRONIC may deem necessary to (a) transfer or record the transfer of Employee's entire right, title and interest in INVENTIONS, and (b) enable MEDTRONIC to obtain patent, copyright or trademark protection for INVENTIONS anywhere in the world.

0310

7

EXHIBIT C to COMPLAINT

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**6.4    Attorney-in-Fact.**  Employee irrevocably designates and appoints MEDTRONIC and its duly authorized officers and agents as attorney-in-fact to act for and in Employee's behalf and stead to execute and file any lawful and necessary documents, and to do all other lawfully permitted acts, required for the assignment of, application for, or prosecution of any United States or foreign application for letters patent, copyright or trademark with the same legal force and effect as if executed by Employee.

**6.5    Waiver.**  Employee hereby waives and quitclaims to MEDTRONIC any and all claims, of any nature whatsoever, which Employee may now have or may hereafter have for infringement of any patent, copyright, or trademark resulting from any INVENTION.

**6.6    Future Patents.**  Any INVENTION relating to the business of MEDTRONIC with respect to which Employee files a patent application within one (1) year following termination of Employee's employment shall be presumed to cover INVENTIONS conceived by Employee during the term of Employee's employment, subject to proof to the contrary by Employee by good faith, contemporaneous, written and duly corroborated records establishing that such INVENTION was conceived and made following termination of employment and without using CONFIDENTIAL INFORMATION.

**6.7    Release or License.**  If an INVENTION does not relate to the existing or reasonably foreseeable business interests of MEDTRONIC, MEDTRONIC may, in its sole and unreviewable discretion, release or license the INVENTION to the Employee upon written request by the Employee.  No release or license shall be valid unless in writing signed by MEDTRONIC's Chief Patent Counsel or MEDTRONIC's General Counsel.

**6.8    Notice.**  Pursuant to Minnesota Statutes Section 181.78, Employee is hereby notified that this Agreement does not apply to any INVENTION for which no equipment, supplies, facility or trade secret information of MEDTRONIC was used and which was developed entirely on the Employee's own time, and (1) which does not relate (a) directly to the business of MEDTRONIC or (b) to MEDTRONIC's actual or demonstrably anticipated research or development, or (2) which does not result from any work performed by the Employee for MEDTRONIC.

## SECTION 7:  GOVERNING LAW, VENUE AND JURISDICTION

**7.1    Place of Agreement.**  Because Medtronic, Inc. is a Minnesota corporation with its principal place of business located in Minnesota, and because it is mutually agreed that it is in the best interests of MEDTRONIC and all of its employees that a uniform body of law consistently interpreted be applied to the employment agreements between MEDTRONIC and all of its employees, this Agreement is deemed entered into in the State of Minnesota between MEDTRONIC and Employee, and the substantive laws of Minnesota and the exclusive jurisdiction of the courts of Minnesota shall be applicable hereto on the terms and conditions specified below.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**7.2    Governing Law.**  The validity, enforceability, construction and interpretation of this Agreement shall be governed by the laws of the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have the laws of any state other than the State of Minnesota apply to this Agreement.

**7.3    Venue and Personal Jurisdiction.**  Any dispute arising out of or related to this Agreement, or any breach or alleged breach hereof, shall be exclusively decided by a state court in the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have any disputes between Employee and MEDTRONIC arising out of or related to this Agreement decided in any jurisdiction or venue other than a state court in the State of Minnesota. Employee hereby irrevocably consents to the personal jurisdiction of the state courts in the State of Minnesota for the purposes of any action arising out of or related to this Agreement.

**7.4    Covenant Not to Sue.**  Employee irrevocably covenants not to sue MEDTRONIC in any jurisdiction other than a state court in the State of Minnesota for the purposes of any action arising out of or related to this Agreement. Employee further agrees not to assist, aid, abet, encourage, be a party to, or participate in the commencement or prosecution of any lawsuit or action by any third party arising out of or related to this Agreement in any jurisdiction or venue other than a state court in the State of Minnesota; provided, however, that nothing herein shall prohibit or restrict Employee from being a witness or otherwise providing evidence in any action pursuant to court order or subpoena.

## SECTION 8:  OTHER PROVISIONS

**8.1    Obligations Unconditional.**  The obligation of the parties to perform the terms of this Agreement is unconditional and does not depend on the performance or nonperformance of any terms, duties, or obligations not specifically recited in this Agreement. Employee irrevocably waives Employee's right to challenge the enforceability or validity of any portion of this Agreement.

**8.2    Waiver.**  No waiver by MEDTRONIC of any breach of this Agreement by Employee shall be valid unless contained in a writing signed by the General Counsel of MEDTRONIC or the General Counsel's designee. Waiver of any breach of this Agreement shall not constitute, or be deemed, a waiver of any other breach of this Agreement.

**8.3    Provisions Survive Termination.**  To the extent that any provisions of this Agreement apply to the time period after, or require performance or enforcement after, termination of Employee's employment, all such provisions survive the termination of Employee's employment and termination of this Agreement and may be enforced subsequent thereto. Without limiting the generality of the foregoing, Section 1, Sections 3.2, 3.3, 3.4, 3.5 and 3.6, Section 4, Section 5, Section 6 and Section 7 each survive termination of Employee's employment and termination of this Agreement.

**8.4    Prior Agreements.**  Except to the extent provided in Section 8.5, all prior agreements, if any, between MEDTRONIC and Employee relating to any part of the subject

0310

9

EXHIBIT C to COMPLAINT

Page 53 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

matter of this Agreement are superseded and rendered null and void upon execution of this Agreement by Employee; provided, however, that nothing in this Agreement invalidates, renders null or void, or otherwise affects any term or provision of any MEDTRONIC compensation or benefit plan or any agreements related thereto.

       **8.5    Application to Employees Who Are Attorneys.** This agreement will not be interpreted or enforced so as to conflict with any applicable attorney Rules of Professional Conduct relating to the right of a lawyer to practice law.

       **8.6    Validity Not Impaired.** In the event that any provision of this Agreement is unenforceable under applicable law, the validity or enforceability of the remaining provisions shall not be affected. To the extent any provision of this Agreement is judicially determined to be unenforceable, any provisions of any prior agreement between Employee and MEDTRONIC addressing the subject matter of the unenforceable provision shall be deemed to govern the relationship between Employee and MEDTRONIC.

       **8.7    Transfer or Assignment.** MEDTRONIC may transfer or assign its rights and obligations pursuant to this Agreement to its successors or assigns.

       **8.8    Tolling.** In the event Employee breaches or violates Sections 4.1, 4.2 or 4.3 hereinabove, the duration of the restrictions contained therein shall be extended by the number of days the Employee remains in breach or violation thereof. This provision may be specifically enforced.

       This Agreement becomes binding and effective on MEDTRONIC and Employee upon signature by Employee.

Date: _5.31.11_____

_Lloyd Lile Lindsey III_____
Employee Name (please print)

_[signature]_____
Employee Signature

10

EXHIBIT C to COMPLAINT

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**CT Corporation**

**Service of Process Transmittal**
03/29/2016
CT Log Number 528903265

TO: Vicki Tersteeg
Medtronic, Inc.
710 Medtronic Pkwy, Ms: LC300
Minneapolis, MN 55432-5604

RE: **Process Served in Louisiana**

FOR: Medtronic, Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robby J. Waguespack, Pltf. vs. Medtronic Sofamor Danek USA, Inc. and Medtronic, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Request(s), Objection |
| **COURT/AGENCY:** | EAST BATON ROUGE; 19TH JUDICIAL DISTRICT COURT, LA<br>Case # C646994 |
| **NATURE OF ACTION:** | Employee Litigation - Complaint regarding the employee litigation describing that terms and conditions not made employment and plaintiff has resigned |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/29/2016 at 08:33 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after receipt |
| **ATTORNEY(S) / SENDER(S):** | Thomas J. McGoey, II<br>Liskow & Lewis<br>One shell Square<br>701 Poydras Street<br>Suite 5000<br>New Orleans, LA 70139-5099<br>504-581-7979 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/29/2016, Expected Purge Date: 04/03/2016<br><br>Image SOP<br><br>Email Notification, Vicki Tersteeg  VICKI.ANN.TERSTEEG@MEDTRONIC.COM<br><br>Email Notification, Jackie Hiltner  jackie.hiltner@medtronic.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378 |
| **TELEPHONE:** | 612-333-4315 |

Page 1 of  1 / RS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

2425-16-000136

# CITATION

**ROBBY J WAGUESPACK**
(Plaintiff)

**vs.**

**MEDTRONIC SOFAMOR DAEK USA, INC.**
**ET AL**
(Defendant)

NUMBER  C646994 SECTION 26

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   MEDTRONIC, INC.
      THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
      CT CORPORATION SYSTEMS

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 28-MAR-2016.

_Arikisha Jarvis Payton_
*Deputy Clerk of Court for,*
Doug Welborn, Clerk of Court

Requesting Attorney: **THOMAS JOHN MCGOEY**

Also attached are the following documents:
PETITION, REQUEST FOR NOTICE, OBJECTION

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20_____, served on the above named party as follows:

CT CORPORATION SYSTEMS: By tendering same to the within named; by handing same to _____

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20___

SERVICE:       $_____
MILEAGE:       $_____         _____
TOTAL:         $_____              Deputy Sheriff

CITATION - 2425

DATED
MAR 2 8 2016

EBR3542081
EXHIBIT D to COMPLAINT

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 646994

DIVIS... SEC. 26

ROBBY J. WAGUESPACK

V.

COST OK $ 790

MEDTRONIC SOFAMOR DANEK USA, INC.
AND MEDTRONIC, INC.

MAR 2 8 2016
CH 98641 ...
DEPUTY CLERK OF COURT

FILED: _____        _____

DEPUTY CLERK

## PETITION FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Robby J. Waguespack ("Waguespack"), who alleges as follows:

### Parties

**1.**

Waguespack is a person of the full age of majority who resides in and is domiciled in Lafayette Parish, Louisiana.

**2.**

Made defendants herein are Medtronic Sofamor Danek USA, Inc., a Tennessee corporation with its principal place of business in Memphis, Tennessee, and Medtronic, Inc., a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

**3.**

Both Medtronic Sofamor Danek USA, Inc. and Medtronic, Inc. (hereinafter referred to collectively as "Medtronic" or "Defendants") are licensed to do business, have done business and are currently doing business in the State of Louisiana and within the Parish of East Baton Rouge.

### Jurisdiction & Venue

**4.**

This Court has original subject matter jurisdiction over this action pursuant to Article V, Section 16 of the Louisiana Constitution and Louisiana Code of Civil Procedure Articles 1871-

EBR3478459

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

1874, because it is a civil dispute over the enforceability of certain provisions, including restrictive covenants, in an employment agreement.

5.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure Article 42(4) because Medtronic Sofamor Danek USA, Inc.'s principal business establishment in Louisiana is located in East Baton Rouge Parish.

6.

Venue is also proper in this Court pursuant to Louisiana Code of Civil Procedure Article 76.1 because this is an action on a contract, and Waguespack performed work or services under the contract at issue within East Baton Rouge Parish.

### Factual Allegations

7.

Waguespack has spent his professional career working in the medical device sales industry and has built and established, through his hard work and investment of personal resources, a valuable and extensive trade, knowledge base, and array of industry contacts, including orthopedic surgeons, neurosurgeons, hospitals, surgery centers, and clinics.

8.

Waguespack was employed by Medtronic Sofamor Danek USA, Inc. in a variety of positions, including most recently the position of District Sales Manager.

9.

Throughout his employment with Medtronic Sofamor Danek USA, Inc., Waguespack was based in his home state of Louisiana, and he never performed any work for Medtronic in Minnesota.

10.

As a condition of employment, Medtronic Sofamor Danek USA, Inc. required Waguespack to sign a non-negotiable form Employment Agreement that it or Medtronic, Inc. drafted without any input from Waguespack.

4406896_1.doc

EXHIBIT D to COMPLAINT

Page 58 of 118

-2-

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

11.

A Medtronic manager personally brought the Employment Agreement to Waguespack in Louisiana, and Waguespack signed the Employment Agreement in Louisiana.

12.

Medtronic Sofamor Danek USA, Inc. materially changed the terms and conditions of Waguespack's employment, and Waguespack decided that he no longer wished to be employed by Medtronic Sofamor Danek USA, Inc. He has resigned from his position with Medtronic Sofamor Danek USA, Inc.

13.

Waguespack's Employment Agreement contains provisions which purport to restrain him from exercising a lawful trade, profession, or business by restricting Waguespack's right to work in the medical device industry after the termination of his employment with Medtronic Sofamor Danek USA, Inc. and to solicit business from customers whose business he has cultivated over many years. In particular, Sections 4.1 and 3.6 of the Employment Agreement provide:

> **4.1    Restrictions on Competition.** Employee agrees that for a duration of one (1) year after the last day Employee is employed by MEDTRONIC, Employee will not solicit, sell to, support the sale of COMPETITIVE PRODUCTS to, contact, or attempt to divert business from, whether directly or by managing, directing or supervising others, any MEDTRONIC CUSTOMER on behalf of a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT either in the Louisiana Parishes and/or Municipalities that are included within Employee's identified MEDTRONIC sales territory (provided Employee has engaged in sales activities on behalf of MEDTRONIC in those Louisiana Parishes and/or Municipalities during the last one (1) year of Employee's employment with MEDTRONIC), or in the Louisiana Parishes and/or Municipalities that MEDTRONIC engaged in business within and that Employee's services to MEDTRONIC supported during the last one (1) year of Employee's employment with MEDTRONIC.

> **3.6    Nondisclosure.** ...Employee further agrees and understands that this provision prohibits Employee from rendering services to a CONFLICTING ORGANIZATION following termination of employment with MEDTRONIC to the extent that Employee would use, disclose or rely upon CONFIDENTIAL INFORMATION or be induced or required to use, disclose or rely upon CONFIDENTIAL INFORMATION during the course of rendering such services.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

14.

These non-competition and non-solicitation provisions are null and void because they do not strictly comply with the requirements of the Louisiana Non-Compete Statute, La. Rev. Stat. § 23:921, which codifies Louisiana's strong public policy against restrictions on an individual's right to engage in the business pursuits of his choice.

15.

The non-competition and non-solicitation provisions contained in Section 4.1 and Section 3.6 of Waguespack's Employment Agreement are unenforceable for a variety of reasons, including the fact that they violate La. Rev. Stat. § 23:921(C) because: (1) they fail to specify the parishes or municipalities where competition and solicitation are purportedly prohibited, as required by the statute; and (2) they purport to create restrictive covenants in favor of entities other than Waguespack's employer, such as Medtronic, Inc. and all of its parents, subsidiaries, and affiliated companies, and their successors and assigns.

16.

Sections 7.1 – 7.4 of Waguespack's Employment Agreement also contain choice of law, choice of forum, and related provisions which purport to require that the Agreement be interpreted in accordance with Minnesota law and that any litigation related to the Agreement be prosecuted in state court in Minnesota:

7.1    **Place of Agreement.** Because Medtronic, Inc. is a Minnesota corporation with its principal place of business located in Minnesota, and because it is mutually agreed that it is in the best interests of MEDTRONIC and all of its employees that a uniform body of law consistently interpreted be applied to the employment agreements between MEDTRONIC and all of its employees, this Agreement is deemed entered into in the State of Minnesota between MEDTRONIC and Employee, and the substantive laws of Minnesota and the exclusive jurisdiction of the courts of Minnesota shall be applicable hereto on the terms and conditions specified below.

7.2    **Governing Law.** The validity, enforceability, construction and interpretation of this Agreement shall be governed by the laws of the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have the laws of any state other than the State of Minnesota apply to this Agreement.

7.3    **Venue and Personal Jurisdiction.** Any dispute arising out of or related to this Agreement, or any breach or alleged

4406896_1.doc

EXHIBIT D to COMPLAINT

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

breach hereof, shall be exclusively decided by a state court in the
State of Minnesota. Employee irrevocably waives Employee's
right, if any, to have any disputes between Employee and
MEDTRONIC arising out of or related to this Agreement decided
in any jurisdiction or venue other than a state court in the State of
Minnesota. Employee hereby irrevocably consents to the personal
jurisdiction of the state courts in the State of Minnesota for the
purposes of any action arising out of or related to this Agreement.

7.4    <u>Covenant Not to Sue</u>.    Employee irrevocably
covenants not to sue MEDTRONIC in any jurisdiction other than a
state court in the State of Minnesota for the purposes of any action
arising out of or related to this Agreement. Employee further
agrees not to assist, aid, abet, encourage, be a party to, or
participate in the commencement or prosecution of any lawsuit or
action by any third party arising out of or related to this Agreement
in any jurisdiction or venue other than a state court in the State of
Minnesota; provided, however, that nothing herein shall prohibit or
restrict Employee from being a witness or otherwise providing
evidence in any action pursuant to court order or subpoena.

17.

Pursuant to La. Rev. Stat. § 23:921(A)(2), the choice of law, choice of forum, and related

provisions are null and void as a matter of law, and Waguespack has not expressly, knowingly

and voluntarily agreed to and ratified them after the events giving rise to this lawsuit.

18.

Defendants had ample opportunity to ensure that Waguespack's Employment Agreement

complied with Louisiana law, but they either failed or chose not to do so.

<u>First Cause of Action:  Declaratory Judgment</u>

19.

Waguespack hereby incorporates the allegations set forth above in Paragraphs 1-18 of

this Petition by reference.

20.

Waguespack has been offered a position working as a sales representative for K2M, Inc.

("K2M"), another medical device company that sells spinal products and surgical implants.

21.

Waguespack has accepted this employment opportunity with K2M and desires to

continue working in his chosen profession in the capacity of a medical device sales

representative.

4406896_1.doc

-5-

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

22.

Waguespack desires to be able to call upon customers that he has served during his employment with Medtronic Sofamor Danek USA, Inc., and to promote the sale of K2M's products to these customers.

23.

Medtronic desires to restrain Waguespack from doing so.

24.

Upon information and belief, Defendants intend to prevent Waguespack from pursuing his chosen profession and performing the duties of his employment with K2M by seeking to enforce the unlawful non-competition, customer non-solicitation, choice of law, and choice of forum provisions in his Employment Agreement.

25.

Defendants have previously filed suit against employees who have resigned, accepted positions with competitors, including K2M, and attempted to solicit business from the customers that they had been working with during their employment with Medtronic Sofamor Danek USA, Inc.

26.

Louisiana Code of Civil Procedure Article 1872 provides that a person interested under a written contract whose rights are affected by that contract may have the court determine any question of construction or validity arising under the contract and obtain a declaration of his rights. Further, Louisiana Code of Civil Procedure Article 1871 authorizes Louisiana courts to declare the rights and obligations of parties to contracts.

27.

Waguespack maintains an interest in the Employment Agreement, and his rights to pursue the employment opportunity of his choice are affected by said contract. Hence, Waguespack is legally entitled to have this Court issue a judgment declaring his rights under the Employment Agreement pursuant to Louisiana Code of Civil Procedure Articles 1871 and 1872.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

28.

Waguespack is entitled to and prays for a speedy judgment declaring the non-competition, non-solicitation, choice of law, choice of forum, and related provisions of the Employment Agreement null and void and enjoining Defendants from directly or indirectly enforcing or attempting to enforce said provisions against him.

### Jury Demand

29.

Waguespack submits that the material facts are not in dispute and that there will not be any need for a trial in this matter. In the event that a trial is conducted, however, Waguespack demands a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiff, Robby J. Waguespack, respectfully prays that this Petition for Declaratory Judgment be deemed good and sufficient, that it be served on Defendants, and that this Honorable Court conduct speedy proceedings and render judgment in his favor and against Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc.:

(a) declaring the provisions of Section 4.1 of the Employment Agreement which purport to restrict Waguespack from engaging in competitive activities or solicitation of customers of "MEDTRONIC" null, void, and legally unenforceable;

(b) declaring the provisions of Section 3.6 of the Employment Agreement null, void, and legally unenforceable to the extent that they purport to restrict Lindsey from engaging in competitive activities or solicitation of customers of "MEDTRONIC";

(c) declaring the choice of law, choice of forum, and related provisions in Sections 7.1 – 7.4 of the Employment Agreement null, void, and legally unenforceable;

(d) enjoining Medtronic, Inc., Medtronic Sofamor Danek USA, Inc., and any affiliated companies from directly or indirectly enforcing or attempting to enforce said provisions against Waguespack;

(e) awarding Waguespack all just and equitable relief to which he may be entitled, including reasonable attorneys' fees and all other costs of prosecuting this action; and

4406896_1.doc

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

(f)    granting Waguespack any other relief that the Court deems just and proper.

Respectfully submitted,

Thomas J. McGoey, II (Bar #18330)
Wm. Brian London (Bar #33948)
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979

Attorneys for Robby J. Waguespack

**Please Serve:**

Medtronic, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

Medtronic Sofamor Danek USA, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816



CERTIFIED
TRUE COPY
MAR 2 8 2016
DEPUTY CLERK OF COURT



EAST BATON ROUGE PARISH, LA
2016 MAR 28 AM 8: 51
DEPUTY CLERK OF COURT

| CIVIL | |
|---|---|
| ☐ 01-DAMAGES | ☐ 11-COMM. PROP. PARTITIONS |
| ☐ 02-CONTRACT | ☐ 12-PUBLIC SERV. COMM. |
| ☐ 03-PRISONER SUIT | ☐ 13-OTHER PARTITIONS |
| ☐ 04-EXECUTORY PROCESS | ☐ 14-OTHER |
| ☐ 05-SUIT ON NOTES | ☐ 15-D.E.O. |
| ☐ 06-EVICTION | ☐ 16- |
| ☐ 07-WORKMENS COMPENSATION | ☐ 17- |
| ☐ 08-JUDICIAL REVIEW | ☐ 18- |
| ☐ 09-PROPERTY RIGHTS | ☐ 19- |
| ☐ 10-INJUNCTION MANDAMUS | ☐ 20- |

4406896_1.doc

EXHIBIT D to COMPLAINT    Page 64 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. _____                                DIVISION "___"

ROBBY J. WAGUESPACK

V.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

FILED: _____              _____
                                                       DEPUTY CLERK

### REQUEST FOR NOTICE

Pursuant to Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, Plaintiff, Robby J. Waguespack ("Waguespack"), through undersigned counsel, requests written notice of the date set for trial of the above-entitled and numbered cause, and of the date set for any hearings or motions herein, at least ten (10) days before the trial date or hearing date.

Waguespack also requests notice of the signing of any final judgment or the rendition of any interlocutory order or judgment as provided by Articles 1913, 1914, and 4905 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

Thomas J. McGeey, II (Bar #18530)
Wm. Brian London (Bar #33948)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

**Attorneys for Robby J. Waguespack**

CERTIFIED TRUE COPY
MAR 28 2016
DEPUTY CLERK OF COURT

EAST BATON ROUGE PARISH, LA
FILED
2016 MAR 28 AM 8:57
DEPUTY CLERK OF COURT

EBR3478480

4419416_1.docx            EXHIBIT D to COMPLAINT            Page 65 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. _____                                            DIVISION "___"

ROBBY J. WAGUESPACK

v.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

FILED: _____          _____
                                                      DEPUTY CLERK

### OBJECTION TO EXTENSION OF
### DEADLINE TO FILE RESPONSIVE PLEADINGS

NOW INTO COURT, through undersigned counsel comes Plaintiff, Robby J. Waguespack ("Waguespack"), and hereby sets forth his objection to this Court's granting, on an *ex parte* basis, any motion which may be filed by Defendants, Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc., requesting an extension of time within which to answer or file other responsive pleadings to Waguespack's Petition, upon representing as follows:

Waguespack filed this action seeking a declaratory judgment that certain restrictive covenants in the Employment Agreement that Defendants required him to sign are invalid and unenforceable.

2.

The defects that render the restrictive covenants unenforceable are apparent from the face of the Employment Agreement and should not require a significant period of time to investigate.

3.

This matter impacts an individual's right to work and earn a living in his chosen profession, and it is in the best interest of all parties that it be adjudicated on an expedited basis.

EBR3478461

4419408_1.doc

EXHIBIT D to COMPLAINT                    Page 66 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

WHEREFORE, Plaintiff, Robby J. Waguespack, respectfully prays that this Court deny

any motion which may be filed by Defendants, Medtronic, Inc., and Medtronic Sofamor Danek

USA, Inc., requesting an extension of time to file responsive pleadings.

Respectfully submitted,

Thomas J. McGoey, II (Bar #18330)
Wm. Brian London (Bar #33948)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

**Attorneys for Robby J. Waguespack**





02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

## CT Corporation

**Service of Process
Transmittal**
03/29/2016
CT Log Number 528900836

TO:     Vicki Tersteeg
        Medtronic, Inc.
        710 Medtronic Pkwy, Ms: LC300
        Minneapolis, MN 55432-5604

RE:     **Process Served in Louisiana**

FOR:    Medtronic, Inc.  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stephen Powell, Pltf. vs. Medtronic Sofamor Danek USA, Inc. and Medtronic In., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Request(s), Objection |
| **COURT/AGENCY:** | EAST BATON ROUGE; 19TH JUDICIAL DISTRICT COURT, LA<br>Case # C646992 |
| **NATURE OF ACTION:** | Employee Litigation - Objection to extension of deadline to file responsive pleadings |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/29/2016 at 08:33 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after receipt |
| **ATTORNEY(S) / SENDER(S):** | Thomas J. McGoey, II<br>Liskow & Lewis<br>One Shell Square<br>701 Poydras Street<br>Suite 5000<br>New Orleans, LA 70139-5099<br>504-581-7979 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/29/2016, Expected Purge Date: 04/03/2016 |
| | Image SOP |
| | Email Notification,  Vicki Tersteeg  VICKI.ANN.TERSTEEG@MEDTRONIC.COM |
| | Email Notification,  Jackie Hiltner  jackie.hiltner@medtronic.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378 |
| **TELEPHONE:** | 612-333-4315 |

Page 1 of  1 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT E to COMPLAINT              Page 88 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

2402-16-001724

# CITATION

STEPHEN POWELL
(Plaintiff)

vs.

MEDTROIC SOFAMOR DANEK USA INC.,
ET AL
(Defendant)

NUMBER  C646992 SECTION 27

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    MEDTRONIC, INC.
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

GREETINGS:

Attached to this citation is a certified copy of the petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 28-MAR-2016.

Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: THOMAS JOHN MCGOEY

*The following documents are attached:
PETITION FOR DECLARATORY JUDGMENT, REQUEST FOR NOTICE, OBJECTION

## SERVICE INFORMATION:

Received on the _____ day of _____ 20___ and on the _____ day of _____ 20___ served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____

DOMICILIARY SERVICE: On the within named _____ by leaving the same at his domicile in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____ 20___.

SERVICE:     $_____
MILEAGE      $_____          _____
TOTAL:       $_____          Deputy Sheriff
                                  Parish of East Baton Rouge

CITATION - 2402

EBR3542082
EXHIBIT E to COMPLAINT

DATED
MAR 2 8 2016

Page 69 of 118

02-CV-16-1617

Filed In Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 1046992

**SEC. 27**

STEPHEN POWELL

V.

MEDTRONIC SOFAMOR DANEK USA, INC. AND
MEDTRONIC, INC.

COST OK $ 990

MAR 28 2016

CH 98640 h

DEPUTY CLERK OF COURT

FILED: _____

_____
DEPUTY CLERK

### PETITION FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Stephen Powell ("Powell"), who alleges as follows:

#### Parties

1.

Powell is a person of the full age of majority who resides in and is domiciled in East Baton Rouge Parish, Louisiana.

2.

Made defendants herein are Medtronic Sofamor Danek USA, Inc., a Tennessee corporation with its principal place of business in Memphis, Tennessee, and Medtronic, Inc., a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

3.

Both Medtronic Sofamor Danek USA, Inc. and Medtronic, Inc. (hereinafter referred to collectively as "Medtronic" or "Defendants") are licensed to do business, have done business and are currently doing business in the State of Louisiana and within the Parish of East Baton Rouge.

#### Jurisdiction & Venue

4.

This Court has original subject matter jurisdiction over this action pursuant to Article V, Section 16 of the Louisiana Constitution and Louisiana Code of Civil Procedure Articles 1871-

4353835_1.doc

EXHIBIT E to COMPLAINT

EBR3478456

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

1874, because it is a civil dispute over the enforceability of certain provisions, including restrictive covenants, in an employment agreement.

5.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure Article 42(4) because Medtronic Sofamor Danek USA, Inc.'s principal business establishment in Louisiana is located in East Baton Rouge Parish.

6.

Venue is also proper in this Court pursuant to Louisiana Code of Civil Procedure Article 76.1 because this is an action on a contract, and Powell performed work or services under the contract at issue within East Baton Rouge Parish.

**Factual Allegations**

7.

Powell has spent many years working in the medical device sales industry and has built and established, through his hard work and investment of personal resources, a valuable and extensive trade, knowledge base, customer base, book of business, and array of industry contacts.

8.

Prior to his employment with Medtronic Sofamor Danek USA, Inc., Powell was employed by Synthes Spine as a sales representative selling spinal and biologics products to orthopedic surgeons, neurosurgeons, hospitals, surgery centers, and clinics in Louisiana.

9.

Medtronic sought to gain access to Powell's customers in Louisiana and recruited him in Louisiana to work for Medtronic Sofamor Danek USA, Inc. in Louisiana.

10.

In 2012, Medtronic Sofamor Danek USA, Inc. offered Powell a job selling spinal and biologics products in Louisiana.

4353635_1.doc

EXHIBIT E to COMPLAINT

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

11.

As a condition of employment, Medtronic Sofamor Danek USA, Inc. required Powell to sign a non-negotiable form Employment Agreement that it or Medtronic, Inc. drafted without any input from Powell.

12.

Medtronic mailed the job offer and a copy of the Employment Agreement to Powell at his home address in Louisiana.

13.

Powell signed the Agreement and formally accepted the job offer at his home in Louisiana, and, since that time, he has been employed by Medtronic Sofamor Danek USA, Inc. as a Sales Representative selling spinal and biologics products in Louisiana.

14.

Over the course of his employment with Medtronic Sofamor Danek USA, Inc., Powell has been selling Medtronic's products to, and providing related services to, the same customers that he had personally cultivated prior to his employment with Medtronic Sofamor Danek USA, Inc.

15.

All of the work that Powell has performed for Medtronic Sofamor Danek USA, Inc. over the course of his employment has been in Louisiana.

16.

Medtronic materially changed the terms and conditions of Powell's employment, and Powell decided that he no longer wished to be employed by Medtronic Sofamor Danek USA, Inc. He has resigned from his position with Medtronic Sofamor Danek USA, Inc.

17.

Powell's Employment Agreement contains provisions which purport to restrain him from exercising a lawful trade, profession, or business by restricting Powell's right to work in the medical device industry after the termination of his employment with Medtronic Sofamor Danek USA, Inc. and to solicit business from the customers whose business he had cultivated long

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

before he ever worked for Medtronic Sofamor Danek USA, Inc.  In particular, Section 4.1 and Section 3.6 of the Employment Agreement provide:

> **4.1    Restrictions on Competition.**  Employee agrees that for a duration of one (1) year after the last day Employee is employed by MEDTRONIC, Employee will not solicit, sell to, support the sale of COMPETITIVE PRODUCTS to, contact, or attempt to divert business from, whether directly or by managing, directing or supervising others, any MEDTRONIC CUSTOMER on behalf of a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT either in the Louisiana Parishes and/or Municipalities that are included within Employee's identified MEDTRONIC sales territory (provided Employee has engaged in sales activities on behalf of MEDTRONIC in those Louisiana Parishes and/or Municipalities during the last one (1) year of Employee's employment with MEDTRONIC), or in the Louisiana Parishes and/or Municipalities that MEDTRONIC engaged in business within and that Employee's services to MEDTRONIC supported during the last one (1) year of Employee's employment with MEDTRONIC.

> **3.6    Nondisclosure.**  ... Employee further agrees and understands that this provision prohibits Employee from rendering services to a CONFLICTING ORGANIZATION following termination of employment with MEDTRONIC to the extent that Employee would use, disclose or rely upon CONFIDENTIAL INFORMATION or be induced or required to use, disclose or rely upon CONFIDENTIAL INFORMATION during the course of rendering such services.

18.

These non-competition and non-solicitation provisions are null and void because they do not strictly comply with the requirements of the Louisiana Non-Compete Statute, La. Rev. Stat. § 23:921, which codifies Louisiana's strong public policy against restrictions on an individual's right to engage in the business pursuits of his choice.

19.

The non-competition and non-solicitation provisions contained in Section 4.1 and Section 3.6 of Powell's Employment Agreement are unenforceable for a variety of reasons, including the fact that they violate La. Rev. Stat. § 23:921(C) because: (1) they fail to specify the parishes or municipalities where competition and solicitation are purportedly prohibited, as required by the statute; and (2) they purport to create restrictive covenants in favor of entities other than Powell's employer, such as Medtronic, Inc. and all of its parents, subsidiaries, and affiliated companies, and their successors and assigns.

4353635_1.doc

-4-

EXHIBIT E to COMPLAINT

Page 73 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

20.

Sections 7.1 – 7.4 of Powell's Employment Agreement also contain choice of law, choice

of forum, and related provisions which purport to require that the Agreement be interpreted in

accordance with Minnesota law and that any litigation related to the Agreement be prosecuted in

state court in Minnesota:

> 7.1    **Place of Agreement.** Because Medtronic, Inc. is a Minnesota corporation with its principal place of business located in Minnesota, and because it is mutually agreed that it is in the best interests of MEDTRONIC and all of its employees that a uniform body of law consistently interpreted be applied to the employment agreements between MEDTRONIC and all of its employees, this Agreement is deemed entered into in the State of Minnesota between MEDTRONIC and Employee, and the substantive laws of Minnesota and the exclusive jurisdiction of the courts of Minnesota shall be applicable hereto on the terms and conditions specified below.

> 7.2.    **Governing Law.** The validity, enforceability, construction and interpretation of this Agreement shall be governed by the laws of the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have the laws of any state other than the State of Minnesota apply to this Agreement.

> 7.3    **Venue and Personal Jurisdiction.** Any dispute arising out of or related to this Agreement, or any breach or alleged breach hereof, shall be exclusively decided by a state court in the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have any disputes between Employee and MEDTRONIC arising out of or related to this Agreement decided in any jurisdiction or venue other than a state court in the State of Minnesota. Employee hereby irrevocably consents to the personal jurisdiction of the state courts in the State of Minnesota for the purposes of any action arising out of or related to this Agreement.

> 7.4    **Covenant Not to Sue.** Employee irrevocably covenants not to sue MEDTRONIC in any jurisdiction other than a state court in the State of Minnesota for the purposes of any action arising out of or related to this Agreement. Employee further agrees not to assist, aid, abet, encourage, be a party to, or participate in the commencement or prosecution of any lawsuit or action by any third party arising out of or related to this Agreement in any jurisdiction or venue other than a state court in the State of Minnesota; provided, however, that nothing herein shall prohibit or restrict Employee from being a witness or otherwise providing evidence in any action pursuant to court order or subpoena.

-5-

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

21.

Pursuant to La. Rev. Stat. § 23:921(A)(2), these choice of law, choice of forum, and related provisions are null and void as a matter of law, and Powell has not expressly, knowingly and voluntarily agreed to and ratified them after the events giving rise to this lawsuit.

22.

Defendants had ample opportunity to ensure that Powell's Employment Agreement complied with Louisiana law, but they either failed or chose not to do so.

### First Cause of Action: Declaratory Judgment

23.

Powell hereby incorporates the allegations set forth above in Paragraphs 1-22 of this Petition by reference.

24.

Powell has been offered a position working as a sales representative for K2M, Inc., another medical device company that sells spinal products and surgical implants.

25.

Powell has accepted this employment opportunity with K2M and wishes to continue working in his chosen profession and serving the customers he cultivated long before he began working for Medtronic Sofamor Danek USA, Inc.

26.

Powell desires to be able to call upon these customers and promote the sale of K2M's products.

27.

Medtronic desires to restrain Powell from doing so.

28.

Upon information and belief, Defendants intend to prevent Powell from pursuing his chosen profession and performing the duties of his employment with K2M by seeking to enforce the unlawful non-competition, customer non-solicitation, choice of law, and choice of forum provisions in his Employment Agreement.

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

29.

Defendants have previously filed suit against employees who have resigned, accepted positions with competitors, including K2M, and attempted to solicit business from the customers that they had been working with before and during their employment with Medtronic Sofamor Danek USA, Inc.

30.

Louisiana Code of Civil Procedure Article 1872 provides that a person interested under a written contract whose rights are affected by that contract may have the court determine any question of construction or validity arising under the contract and obtain a declaration of his rights. Further, Louisiana Code of Civil Procedure Article 1871 authorizes Louisiana courts to declare the rights and obligations of parties to contracts.

31.

Powell maintains an interest in the Employment Agreement, and his rights to pursue the employment opportunity of his choice are affected by said contract. Hence, Powell is legally entitled to have this Court issue a judgment declaring his rights under the Employment Agreement pursuant to Louisiana Code of Civil Procedure Articles 1871 and 1872.

32.

Powell is entitled to and prays for a speedy judgment declaring the non-competition, non-solicitation, choice of law, and choice of forum provisions of the Employment Agreement null and void and enjoining Defendants from directly or indirectly enforcing or attempting to enforce said provisions against him.

**Jury Demand**

33.

Powell submits that the material facts are not in dispute and that there will not be any need for a trial in this matter. In the event that a trial is conducted, however, Powell demands a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiff, Stephen Powell, respectfully prays that this Petition for Declaratory Judgment be deemed good and sufficient, that Defendants be served, and that this

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

Honorable Court conduct speedy proceedings and render judgment in his favor and against

Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc., by:

    (a)    declaring the provisions of Section 4.1 of the Employment Agreement which purport to restrict Powell from engaging in competitive activities or solicitation of customers of "MEDTRONIC" null, void, and legally unenforceable;

    (b)    declaring the provisions of Section 3.6 of the Employment Agreement null, void, and legally unenforceable to the extent that they purport to restrict Powell from engaging in competitive activities or solicitation of customers of "MEDTRONIC";

    (c)    declaring the choice of law, choice of forum and related provisions in Sections 7.1 – 7.4 of the Employment Agreement null, void, and legally unenforceable;

    (d)    enjoining Medtronic, Inc., Medtronic Sofamor Danek USA, Inc., and any affiliated companies from directly or indirectly enforcing or attempting to enforce said provisions against Powell;

    (e)    awarding Powell all just and equitable relief to which he may be entitled, including reasonable attorneys' fees and all other costs of prosecuting this action; and

    (f)    granting Waguespack any other relief that the Court deems just and proper.

Respectfully submitted,

*Thomas J. McGoey*

Thomas J. McGoey, II (Bar #18350)
Wm. Brian London (Bar #33948)
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979

Attorneys for Stephen Powell

**Please Serve:**

Medtronic, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

Medtronic Sofamor Danek USA, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

EAST BATON ROUGE PARISH, LA
FILED
2016 MAR 28  AM 8: 51
DEPUTY CLERK OF COURT

CERTIFIED TRUE AND CORRECT COPY

MAR 2 8 2016
East Baton Rouge Parish
Deputy Clerk of Court

CIVIL

| | |
|---|---|
| 01-DAMAGES | 11-COMM. PROP. PARTITIONS |
| 02-CONTRACT | 12-PUBLIC SERV. COMM. |
| 03-PRISONER SUIT | 13-OTHER PARTITIONS |
| 04-EXECUTORY PROCESS | 14-OTHER |
| 05-SUIT ON NOTES | 15-D.E.Q. |
| 06-EVICTION | 16- |
| 07-WORKMENS COMPENSATION | 17- |
| 08-JUDICIAL REVIEW | 18- |
| 09-PROPERTY RIGHTS | 19- |
| 10-INJUNCTION MANDAMUS | 20- |

-8-

4363935_1.doc

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. _____                                    DIVISION "___"

STEPHEN POWELL

V.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

FILED: _____          _____
                                            DEPUTY CLERK

### REQUEST FOR NOTICE

Pursuant to Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, Plaintiff, Stephen Powell ("Powell"), through undersigned counsel, requests written notice of the date set for trial of the above-entitled and numbered cause, and of the date set for any hearings or motions herein, at least ten (10) days before the trial date or hearing date.

Powell also requests notice of the signing of any final judgment or the rendition of any interlocutory order or judgment as provided by Articles 1913, 1914, and 4905 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

Thomas J. McGoey, II (Bar #18330)
Wm. Brian London (Bar #33948)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

**Attorneys for Stephen Powell**

CERTIFIED TRUE AND
CORRECT COPY

MAR 2 8 2016
East Baton Rouge Parish
Deputy Clerk of Court

4419419_1.docx            EXHIBIT E to COMPLAINT            Page 78 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. _____                                   DIVISION "___"

STEPHEN POWELL

V.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

FILED:_____          _____
                                                    DEPUTY CLERK

## OBJECTION TO EXTENSION OF
## DEADLINE TO FILE RESPONSIVE PLEADINGS

NOW INTO COURT, through undersigned counsel comes Plaintiff, Stephen Powell

("Powell"), and hereby sets forth his objection to this Court's granting, on an *ex parte* basis, any

motion which may be filed by Defendants, Medtronic, Inc. and Medtronic Sofamor Danek USA,

Inc., requesting an extension of time within which to answer or file other responsive pleadings to

Powell's Petition, upon representing as follows:

1.

Powell filed this action seeking a declaratory judgment that certain restrictive covenants

in the Employment Agreement that Defendants required him to sign are invalid and

unenforceable.

2.

The defects that render the restrictive covenants unenforceable are apparent from the face

of the Employment Agreement and should not require a significant period of time to investigate.

3.

This matter impacts an individual's right to work and earn a living in his chosen

profession, and it is in the best interest of all parties that it be adjudicated on an expedited basis.

4418704_1.doc                    EXHIBIT E to COMPLAINT                    Page 79 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

WHEREFORE, Plaintiff, Stephen Powell, respectfully prays that this Court deny any

motion which may be filed by Defendants, Medtronic, Inc., and Medtronic Sofamor Danek USA,

Inc., requesting an extension of time to file responsive pleadings.

Respectfully submitted,

Thomas J. McGoey, II (Bar #18530)
Wm. Brian London (Bar #33948)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

**Attorneys for Stephen Powell**

CERTIFIED TRUE AND
CORRECT COPY

MAR 28 2016
East Baton Rouge Parish
Deputy Clerk of Court

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**CT Corporation**

**Service of Process Transmittal**
03/29/2016
CT Log Number 528902245

**TO:** Vicki Tersteeg
Medtronic, Inc.
710 Medtronic Pkwy, Ms: LC300
Minneapolis, MN 55432-5604

**RE:** Process Served in Louisiana

**FOR:** Medtronic, Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lloyd Lile Lindsey, III, Pltf. vs. Medtronic Sofamor Danek USA, Inc. and Medtronic, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, petition, Request, Objection |
| **COURT/AGENCY:** | EAST BATON ROUGE; 19TH JUDICIAL DISTRICT COURT, LA
Case # C646991 |
| **NATURE OF ACTION:** | Employee Litigation - Harassment - May 2011 - sofamor danek USA, Inc |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/29/2016 at 08:33 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after service |
| **ATTORNEY(S) / SENDER(S):** | Thomas J. Mcgoey
Liskow & Lewis
One Shell Square
701 Poydras street Suite 5000
New Orleans, LA 70139-5099
504-581-7979 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/29/2016, Expected Purge Date: 04/03/2016
Image SOP
Email Notification, Vicki Tersteeg VICKI.ANN.TERSTEEG@MEDTRONIC.COM
Email Notification, Jackie Hiltner jackie.hiltner@medtronic.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 3867 Plaza Tower Dr.
Baton Rouge, LA 70816-4378 |
| **TELEPHONE:** | 612-333-4315 |

Page 1 of 1 / MZ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT F to COMPLAINT    Page 81 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

2425-16-000133

# CITATION

LLOYD LILE LINDSEY, III.
(Plaintiff)

vs.

MEDTRONIC SOFAMOR DANEK USA,
INC., ET AL
(Defendant)

NUMBER  C646991 SECTION 23

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    MEDTRONIC, INC.
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
CT CORPORATION SYSTEM

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 28-MAR-2016.

Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: THOMAS JOHN MCGOEY.

Also attached are the following documents:
PETITION FOR DECLARATORY JUDGMENT; REQUEST
FOR NOTICE; OJECTION TO EXTENSION OF DEADLINE
TO FILE RESPONSIVE PLEADINGS

SERVICE INFORMATION:

Received on the _____ day of _____, 20 ____ and on the _____ day of _____, 20 ____, served on the above named party as follows:

CT CORPORATION SYSTEMS: By tendering same to the within named, by handing same to _____

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20 ____.

SERVICE:     $_____
MILEAGE:    $_____
TOTAL:        $_____

_____
Deputy Sheriff

CITATION - 2425

EXHIBIT F to COMPLAINT

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

# SEC. 23

NO. 1641991

LLOYD LILE LINDSEY, III

COST OK $ 790

V.

MEDTRONIC SOFAMOR DANEK USA, INC. AND
MEDTRONIC, INC.

MAR 2 8 2016
C# 981639.00
DEPUTY CLERK OF COURT

FILED: _____        _____ DEPUTY CLERK

## PETITION FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Lloyd Lile Lindsey, III ("Lindsey"), who alleges as follows:

### Parties

1.

Lindsey is a person of the full age of majority who resides in and is domiciled in East Baton Rouge Parish, Louisiana.

2.

Made defendants herein are Medtronic Sofamor Danek USA, Inc., a Tennessee corporation with its principal place of business in Memphis, Tennessee, and Medtronic, Inc., a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

3.

Both Medtronic Sofamor Danek USA, Inc. and Medtronic, Inc. (hereinafter referred to collectively as "Medtronic" or "Defendants") are licensed to do business, have done business and are currently doing business in the State of Louisiana and within the Parish of East Baton Rouge.

### Jurisdiction & Venue

4.

This Court has original subject matter jurisdiction over this action pursuant to Article V, Section 16 of the Louisiana Constitution and Louisiana Code of Civil Procedure Articles 1871-

EBR3478452

REC'D C.P.

MAR 28 2016

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

1874, because it is a civil dispute over the enforceability of certain provisions, including restrictive covenants, in an employment agreement.

5.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure Article 42(4) because Medtronic Sofamor Danek USA, Inc.'s principal business establishment in Louisiana is located in East Baton Rouge Parish.

6.

Venue is also proper in this Court pursuant to Louisiana Code of Civil Procedure Article 76.1 because this is an action on a contract, and Lindsey performed work or services under the contract at issue within East Baton Rouge Parish.

**Factual Allegations**

7.

Lindsey has spent his entire professional career working in the medical device sales industry and has built and established, through his hard work and investment of personal resources, a valuable and extensive trade, knowledge base, customer base, book of business, and array of industry contacts.

8.

Prior to his employment with Medtronic Sofamor Danek USA, Inc., Lindsey was employed by Synthes Spine as a sales representative selling spine and biologics products to orthopedic surgeons, neurosurgeons, hospitals, surgery centers, and clinics in Louisiana.

9.

Medtronic sought to gain access to Lindsey's customers in Louisiana and recruited him in Louisiana to work for Medtronic Sofamor Danek USA, Inc. in Louisiana.

10.

In or about May 2011, Medtronic Sofamor Danek USA, Inc. offered Lindsey a job selling spinal and biologics products in Louisiana.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

11.

As a condition of employment, Medtronic Sofamor Danek USA, Inc. required Lindsey to sign a non-negotiable form Employment Agreement that it or Medtronic, Inc. drafted without any input from Lindsey.

12.

Medtronic mailed the job offer and a copy of the Employment Agreement to Lindsey at his home address in Louisiana.

13.

Lindsey signed the Agreement and formally accepted the job offer at his home in Louisiana, and, since that time, he has been employed by Medtronic Sofamor Danek USA, Inc. as a Sales Representative selling spinal and biologics products in Louisiana.

14.

Over the course of his employment with Medtronic Sofamor Danek USA, Inc., Lindsey has been selling Medtronic's products to, and providing related services to, the same customers that he had personally cultivated prior to his employment with Medtronic Sofamor Danek USA, Inc.

15.

All of the work that Lindsey has performed for Medtronic Sofamor Danek USA, Inc. over the course of his employment has been in Louisiana.

16.

Medtronic materially changed the terms and conditions of Lindsey's employment, and Lindsey decided that he no longer wished to be employed by Medtronic Sofamor Danek USA, Inc. He has resigned from his position with Medtronic Sofamor Danek USA, Inc.

17.

Lindsey's Employment Agreement contains provisions which purport to restrain him from exercising a lawful trade, profession, or business by restricting Lindsey's right to work in the medical device industry after the termination of his employment with Medtronic Sofamor Danek USA, Inc. and to solicit business from the customers whose business he had cultivated

02-CV-16-1617

Filed in Tenth Judicial District Court
4/6/2016 4:07:13 PM
Anoka County, MN

long before he ever worked for Medtronic Sofamor Danek USA, Inc. Specifically, Section 4.1

and Section 3.6 of the Employment Agreement provide:

> 4.1 **Restrictions on Competition**, Employee agrees
> that while employed by MEDTRONIC, and for two (2) years after
> the last day Employee is employed by MEDTRONIC, Employee
> will not be employed by or otherwise perform services for a
> CONFLICTING ORGANIZATION in connection with or relating
> to a COMPETITIVE PRODUCT or COMPETITIVE RESEARCH
> AND SUPPORT. If, however, during the last twelve (12) months
> of employment with MEDTRONIC, Employee had no
> management duties or responsibilities and was engaged
> exclusively in sales activities, including selling, soliciting the sale,
> or supporting the sale of MEDTRONIC PRODUCTS through
> direct contact with MEDTRONIC CUSTOMERS, this restriction
> will be for a duration of only one (1) year after the last day
> Employee is employed by MEDTRONIC, and will prohibit
> Employee only from soliciting, selling to, contacting, or attempting
> to divert business from, whether directly or by managing, directing
> or supervising others, any MEDTRONIC CUSTOMER on behalf
> of a CONFLICTING ORGANIZATION in connection with or
> relating to a COMPETITIVE PRODUCT or COMPETITIVE
> RESEARCH AND SUPPORT.

> 3.6 **Nondisclosure**. ...Employee further agrees and
> understands that this provision prohibits Employee from rendering
> services to a CONFLICTING ORGANIZATION following
> termination of employment with MEDTRONIC to the extent that
> Employee would use, disclose or rely upon CONFIDENTIAL
> INFORMATION or be induced or required to use, disclose or rely
> upon CONFIDENTIAL INFORMATION during the course of
> rendering such services... 

These non-competition and non-solicitation provisions are null and void because they do

not strictly comply with the requirements of the Louisiana Non-Compete Statute, La. Rev. Stat.

§ 23:921, which codifies Louisiana's strong public policy against restrictions on an individual's

right to engage in the business pursuits of his choice.

18.

The non-competition and non-solicitation provisions contained in Section 4.1 and Section

3.6 of Lindsey's Employment Agreement are unenforceable for a variety of reasons, including

the fact that they violate La. Rev. Stat. § 23:921(C) because: (1) they fail to specify the parishes

or municipalities where competition and solicitation are purportedly prohibited, as required by

the statute; and (2) they purport to create restrictive covenants in favor of entities other than

Lindsey's employer, such as Medtronic, Inc. and all of its parents, subsidiaries, and affiliated

companies, and their successors and assigns.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19.

Sections 7.1 – 7.4 of Lindsey's Employment Agreement also contain choice of law, choice of forum, and related provisions which purport to require that the Agreement be interpreted in accordance with Minnesota law and that any litigation related to the Agreement be prosecuted in state court in Minnesota:

> **7.1    Place of Agreement.** Because Medtronic, Inc. is a Minnesota corporation with its principal place of business located in Minnesota, and because it is mutually agreed that it is in the best interests of MEDTRONIC and all of its employees that a uniform body of law consistently interpreted be applied to the employment agreements between MEDTRONIC and all of its employees, this Agreement is deemed entered into in the State of Minnesota between MEDTRONIC and Employee, and the substantive laws of Minnesota and the exclusive jurisdiction of the courts of Minnesota shall be applicable hereto on the terms and conditions specified below.

> **7.2    Governing Law.** The validity, enforceability, construction and interpretation of this Agreement shall be governed by the laws of the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have the laws of any state other than the State of Minnesota apply to this Agreement.

> **7.3    Venue and Personal Jurisdiction.** Any dispute arising out of or related to this Agreement, or any breach or alleged breach hereof, shall be exclusively decided by a state court in the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have any disputes between Employee and MEDTRONIC arising out of or related to this Agreement decided in any jurisdiction or venue other than a state court in the State of Minnesota. Employee hereby irrevocably consents to the personal jurisdiction of the state courts in the State of Minnesota for the purposes of any action arising out of or related to this Agreement.

> **7.4    Covenant Not to Sue.** Employee irrevocably covenants not to sue MEDTRONIC in any jurisdiction other than a state court in the State of Minnesota for the purposes of any action arising out of or related to this Agreement. Employee further agrees not to assist, aid, abet, encourage, be a party to, or participate in the commencement or prosecution of any lawsuit or action by any third party arising out of or related to this Agreement in any jurisdiction or venue other than a state court in the State of Minnesota; provided, however, that nothing herein shall prohibit or restrict Employee from being a witness or otherwise providing evidence in any action pursuant to court order or subpoena.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

20.

Pursuant to La. Rev. Stat. § 23:921(A)(2), the choice of law, choice of forum, and related provisions are null and void as a matter of law, and Lindsey has not expressly, knowingly, and voluntarily agreed to and ratified them after the events giving rise to this lawsuit.

21.

Defendants had ample opportunity to ensure that Lindsey's Employment Agreement complied with Louisiana law, but they either failed or chose not to do so.

**First Cause of Action:  Declaratory Judgment**

22.

Lindsey hereby incorporates the allegations set forth above in Paragraphs 1-22 of this Petition by reference.

23.

Lindsey has been offered a position working as a sales representative for K2M, Inc., another medical device company that sells spinal products and surgical implants.

24.

Lindsey has accepted this employment opportunity with K2M and wishes to continue working in his chosen profession and serving the customers he cultivated long before he began working for Medtronic Sofamor Danek USA, Inc.

25.

Lindsey desires to be able to call upon these customers and promote the sale of K2M's products.

26.

Medtronic desires to restrain Lindsey from doing so.

27.

Upon information and belief, Defendants intend to prevent Lindsey from pursuing his chosen profession and performing the duties of his employment with K2M by seeking to enforce the unlawful non-competition, customer non-solicitation, choice of law, and choice of forum provisions in his Employment Agreement.

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

28.

Defendants have previously filed suit against employees who have resigned, accepted positions with competitors, including K2M, and attempted to solicit business from the customers that they had been working with before and during their employment with Medtronic Sofamor Danek USA, Inc.

29.

Louisiana Code of Civil Procedure Article 1872 provides that a person interested under a written contract whose rights are affected by that contract may have the court determine any question of construction or validity arising under the contract and obtain a declaration of his rights. Further, Louisiana Code of Civil Procedure Article 1871 authorizes Louisiana courts to declare the rights and obligations of parties to contracts.

30.

Lindsey maintains an interest in the Employment Agreement, and his rights to pursue the employment opportunity of his choice are affected by said contract. Hence, Lindsey is legally entitled to have this Court issue a judgment declaring his rights under the Employment Agreement pursuant to Louisiana Code of Civil Procedure Articles 1871 and 1872.

31.

Lindsey is entitled to and prays for a speedy judgment declaring the non-competition, non-solicitation, choice of law, and choice of forum provisions of the Employment Agreement null and void and enjoining Defendants from directly or indirectly enforcing or attempting to enforce said provisions against him.

Jury Demand

32.

Lindsey submits that the material facts are not in dispute and that there will not be any need for a trial in this matter. In the event that a trial is conducted, however, Lindsey demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff, Lloyd Lile Lindsey, III, respectfully prays that this Petition for Declaratory Judgment be deemed good and sufficient, and that this Honorable Court conduct a

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

speedy hearing and render judgment in his favor and against Medtronic, Inc. and Medtronic

Sofamor Danek USA, Inc.:

(a)    declaring the provisions of Section 4.1 of the Employment Agreement which purport to restrict Lindsey from engaging in competitive activities or solicitation of customers of "MEDTRONIC" null, void, and legally unenforceable;

(b)    declaring the provisions of Section 3.6 of the Employment Agreement null, void, and legally unenforceable to the extent that they purport to restrict Lindsey from engaging in competitive activities or solicitation of customers of "MEDTRONIC";

(c)    declaring the choice of law, choice of forum, and related provisions in Sections 7.1 – 7.4 of the Employment Agreement null, void, and legally unenforceable;

(d)    enjoining Medtronic, Inc., Medtronic Sofamor Danek USA, Inc., and any affiliated companies from directly or indirectly enforcing or attempting to enforce said provisions against Lindsey;

(e)    awarding Lindsey all just and equitable relief to which he may be entitled, including reasonable attorneys' fees and all other costs of prosecuting this action; and

(f)    granting Lindsey any other relief that the Court deems just and proper.

Respectfully submitted,

Thomas J. McGoey, II (Bar #18330)
Wm. Brian London (Bar #33948)
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979

**Attorneys for Lloyd Lile Lindsey, III**

**Please Serve:**

Medtronic, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

Medtronic Sofamor Danek USA, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

CERTIFIED TRUE AND
CORRECT COPY
MAR 2 8 20
Deputy Clerk of Court

CIVIL

☐ 01-DAMAGES    ☐ 11-COMM. PROP. PARTITIONS
☐ 02-CONTRACT    ☐ 12-PUBLIC SERV. COMM.
☐ 03-PRISONER SUIT    ☐ 13-OTHER PARTITIONS
☐ 04-EXECUTORY PROCESS    ☑ 14-OTHER
☐ 05-SUIT ON NOTES    ☐ 15-D.E.Q.
☐ 06-EVICTION    ☐ 16-
☐ 07-WORKMENS COMPENSATION    ☐ 17-
☐ 08-JUDICIAL REVIEW    ☐ 18-
☐ 09-PROPERTY RIGHTS    ☐ 19-
☐ 10-INJUNCTION MANDAMUS    ☐ 20-

4394141_1.doc

-8-

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. _____                                           DIVISION "___"

LLOYD LILE LINDSEY, III

V.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

FILED: _____          _____
                                                          DEPUTY CLERK

### REQUEST FOR NOTICE

Pursuant to Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, Plaintiff,

Lloyd Lile Lindsey, III ("Lindsey"), through undersigned counsel, requests written notice of the

date set for trial of the above-entitled and numbered cause, and of the date set for any hearings or

motions herein, at least ten (10) days before the trial date or hearing date.

Lindsey also requests notice of the signing of any final judgment or the rendition of any

interlocutory order or judgment as provided by Articles 1913, 1914, and 4905 of the Louisiana

Code of Civil Procedure.

Respectfully submitted,

Thomas J. McGoey, II (Bar #18330)
Wm. Brian London (Bar #33948)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

**Attorneys for Lloyd Lile Lindsey, III**



EAST BATON ROUGE PARISH, LA
FILED
2016 MAR 28 AM 8: 39
DEPUTY CLERK OF COURT

CERTIFIED TRUE AND CORRECT COPY
MAR 28 2016
East Baton Rouge Parish
Deputy Clerk of Court

EBR3478453

4419413_1.docx

02-CV-16-1617

Filed In Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. _____                                        DIVISION "___"

LLOYD LILE LINDSEY, III

V.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

FILED:_____          _____
                                                         DEPUTY CLERK

**OBJECTION TO EXTENSION OF
DEADLINE TO FILE RESPONSIVE PLEADINGS**

NOW INTO COURT, through undersigned counsel comes Plaintiff, Lloyd Lile Lindsey,

III ("Lindsey"), and hereby sets forth his objection to this Court's granting, on an *ex parte* basis,

any motion which may be filed by Defendants, Medtronic, Inc. and Medtronic Sofamor Danek

USA, Inc., requesting an extension of time within which to answer or file other responsive

pleadings to Lindsey's Petition, upon representing as follows:

1.

Lindsey filed this action seeking a declaratory judgment that certain restrictive covenants

in the Employment Agreement that Defendants required him to sign are invalid and

unenforceable.

2.

The defects that render the restrictive covenants unenforceable are apparent from the face

of the Employment Agreement and should not require a significant period of time to investigate.

3.

This matter impacts an individual's right to work and earn a living in his chosen

profession, and it is in the best interest of all parties that it be adjudicated on an expedited basis.

4419410_1.docx                    EXHIBIT F to COMPLAINT                    Page 92 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

WHEREFORE, Plaintiff, Lloyd Lile Lindsey, III, respectfully prays that this Court deny

any motion which may be filed by Defendants, Medtronic, Inc., and Medtronic Sofamor Danek

USA, Inc., requesting an extension of time to file responsive pleadings.

Respectfully submitted,

Thomas J. McGoey, II (Bar #18330)
Wm. Brian London (Bar #33948)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone: (504) 581-7979
Facsimile:  (504) 556-4108

**Attorneys for Lloyd Lile Lindsey, III**





02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

## CT Corporation

**Service of Process
Transmittal**
03/30/2016
CT Log Number 528909333

**TO:**  Vicki Tersteeg
Medtronic, Inc.
710 Medtronic Pkwy, Ms: LC300
Minneapolis, MN 55432-5604

**RE:** **Process Served in Louisiana**

**FOR:** Medtronic, Inc.  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robby J. Waguespack and K2M, Inc., Pltfs. vs. Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Request |
| **COURT/AGENCY:** | EAST BATON ROUGE; 19TH JUDICIAL DISTRICT COURT, LA Case # C646994 |
| **NATURE OF ACTION:** | Employee Litigation - Complaint regarding the employee litigation describing that terms and conditions not made employment and plaintiff has resigned |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/30/2016 at 08:40 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after you have received these documents |
| **ATTORNEY(S) / SENDER(S):** | Eric R, Miller, T.A. The Kullman Firm APLC 4605 Bluebonnet Blvd. Suite A Baton Rouge, LA 70809 225-906-4250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/31/2016, Expected Purge Date: 04/05/2016 |
| | Image SOP |
| | Email Notification, Vicki Tersteeg  VICKI.ANN.TERSTEEG@MEDTRONIC.COM |
| | Email Notification, Jackie Hiltner  jackie.hiltner@medtronic.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 3867 Plaza Tower Dr. Baton Rouge, LA 70816-4378 |
| **TELEPHONE:** | 612-333-4315 |

Page 1 of  2 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT G to COMPLAINT      Page 94 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**CT Corporation**

**Service of Process Transmittal**
03/30/2016
CT Log Number 528909333

TO: Vicki Tersteeg
Medtronic, Inc.
710 Medtronic Pkwy, Ms: LC300
Minneapolis, MN 55432-5604

RE: **Process Served in Louisiana**

FOR: Medtronic, Inc.  (Domestic State: MN)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Citation, Petition, Request(s), Objection | By Process Server on 03/29/2016 at 08:33 | Vicki Tersteeg Medtronic, Inc. | 528903265 |

Page 2 of  2 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only not contents.

EXHIBIT G to COMPLAINT           Page 95 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

2405-16-000048

# CITATION OF INTERVENTION

ROBBY J. WAGUESPACK
(Plaintiff)

vs.

MEDTRONIC SOFAMOR DAEK USA, INC.,
ET AL
(Defendant)

NUMBER  C646994 SECTION 26

19ᵗʰ JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  **MEDTRONIC, INC.**
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
CT CORPORATION SYSTEM
3768 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

YOU HAVE BEEN SUED.

Attached to this citation is a certified copy of the petition of intervention*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish, on 29-MAR-2016.

*Randy M. Mxte*
Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

Requesting Attorney: ERIC R MILLER
*Also attached are the following documents:
PETITION IN INTERVENTION; REQ FOR NOTICE

**SERVICE INFORMATION:**
Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED:  Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:    $_____
MILEAGE    $_____
TOTAL:      $_____

Deputy Sheriff
Parish of East Baton Rouge

CITATION OF INTERVENTION - 2405


EBR3542412

EXHIBIT G to COMPLAINT

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 646,994                                                    SECTION "26"

ROBBY J. WAGUESPACK AND K2M, INC.

V.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

COST OK $

MAR 29 2016

DEPUTY CLERK OF COURT

FILED:_____        _____
                                                DEPUTY CLERK

## PETITION IN INTERVENTION

NOW INTO COURT, through undersigned counsel, come Plaintiff, K2M, Inc. ("K2M"),

and, pursuant to articles 1033 and 1091(1) of the Louisiana Code of Civil Procedure, files this

Petition in Intervention, upon representing as follows:

1.

On March 28, 2016, Plaintiff, Robby J. Waguespack ("Waguespack"), filed the instant

action seeking a declaration that certain restrictive covenants in his Employment Agreement are

invalid and legally unenforceable.

2.

Waguespack is a person of the full age of majority who resides in and is domiciled in

East Baton Rouge Parish, Louisiana.

3.

Named as defendants herein are Medtronic, Inc., a corporation organized under the laws

of the State of Minnesota with its principal place of business in Minneapolis, Minnesota, and

Medtronic Sofamor Danek USA, Inc., a corporation organized under the laws of the State of

Tennessee with its principal place of business in Memphis, Tennessee (hereinafter referred to

collectively as "Medtronic"). "Medtronic" as defined in the Employment Agreement referenced

herein consists of entities incorporated in various states throughout the United States, including,

but not necessarily limited to, Minnesota, Tennessee, and Delaware.



02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

4.

Intervenor K2M is a corporation organized under the laws of the State of Delaware with its principal place of business in Leesburg, Virginia that is licensed to do and currently doing business in the medical device industry within the State of Louisiana.

5.

On or about March 29, 2016, Waguespack began working for K2M as a sales representative following his resignation from Medtronic.

6.

In the course of his employment with K2M, Waguespack will continue to work in and around Baton Rouge, Louisiana, and will sell spinal products and surgical implants similar to those in Medtronic's spinal and biologic product lines.

7.

Upon information and belief, Medtronic intends to prevent Waguespack from being employed with K2M and/or soliciting customers that he serviced while employed by Medtronic (and for years prior to that) by seeking to enforce the unlawful non-competition and customer non-solicitation provisions in Waguespack's Employment Agreement.

8.

It is anticipated that Medtronic may bring a claim against K2M arising out of the employment of Waguespack based upon the same facts and circumstances as set forth in Waguespack's Petition for Declaratory Judgment.

9.

K2M seeks to join this proceeding as a Plaintiff-in-Intervention and prays that judgment be rendered in favor of Waguespack and K2M and against Medtronic based on the allegations set forth in Waguespack's Petition for Declaratory Judgment, as well as those set forth herein.

10.

Pursuant to Louisiana Code of Civil Procedure article 1091, K2M has an interest in the determination of whether the non-competition and non-solicitation provisions in Waguespack's Employment Agreement are valid and legally enforceable, which is directly related to K2M's ability to proceed with its intended employment relationship with Waguespack, as well as

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

Waguespack's ability to fully carry out his job duties as a sales representative for K2M.  Thus, K2M has a right to intervene in this proceeding.

## 11.

This Petition in Intervention may be filed without leave of court pursuant to Louisiana Code of Civil Procedure article 1033 because no answer to the principal demand has been filed.

## 12.

The filing of this Petition in Intervention will not retard the progress of the principal action in any matter.  This case remains in a preliminary pleadings stage, and no pretrial deadlines or trial date have been set.

### First Cause of Action:  Declaratory Judgment

## 13.

K2M hereby adopts and incorporates by reference herein the allegations set forth above in Paragraphs 1-12 of this Petition in Intervention, as well as those set forth in the Petition for Declaratory Judgment filed by Waguespack.

## 14.

Louisiana Code of Civil Procedure Article 1872 provides that a person interested under a written contract whose rights are affected by that contract may have the court determine any question of construction or validity arising under the contract and obtain a declaration of his rights.  Any claim against K2M by Medtronic would be based upon and arise out of the Employment Agreement at issue in Waguespack's Petition for Declaratory Judgment.

## 15.

K2M maintains an interest in, and its rights are affected by, the Employment Agreement because the Employment Agreement's non-competition and customer non-solicitation provisions may limit K2M's ability to employ Waguespack, in addition to hindering Waguespack's ability to fully perform the duties of his job as a K2M sales representative, until those provisions are declared unenforceable.  Accordingly, K2M is entitled to have this Court issue a judgment regarding the validity of the non-competition and customer non-solicitation provisions in Waguespack's Employment Agreement.

-3-

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

16.

Any incidental claim Medtronic may have against K2M arises out of the same facts and circumstances of the Employment Agreement and the employment of Waguespack. Accordingly, K2M is entitled to have this Court issue a judgment (1) that the provisions of the Employment Agreement which purport to restrict Waguespack from engaging in competitive activities or solicitation of customers of Medtronic are null, void, and legally unenforceable; (2) that the choice of law and choice of forum provisions of the Employment Agreement are null, void, and legally unenforceable; (3) that K2M did not induce Waguespack to breach any enforceable contractual provision he had with Medtronic; (4) that K2M was justified in employing Waguespack; and (5) that Medtronic suffered no damages due to the conduct of K2M.

**WHEREFORE,** K2M, Inc., respectfully prays that it be permitted to participate as a Plaintiff-in-Intervention in all subsequent proceedings related to this matter, and that after due proceedings are had, this Honorable Court render judgment in favor of Waguespack and K2M, and against Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc., by:

(a)    declaring the non-competition and customer non-solicitation provisions in Waguespack's Employment Agreement with Medtronic null, void, and legally unenforceable;

(b)    declaring the provisions of Waguespack's Employment Agreement null, void, and legally unenforceable to the extent that they purport to restrict Waguespack from engaging in competitive activities or solicitation of customers of Medtronic;

(c)    enjoining Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc., from directly or indirectly enforcing or attempting to enforce said provisions against Waguespack or K2M;

(d)    declaring that K2M did not unlawfully interfere with any enforceable contractual provision Medtronic, Inc. and/or Medtronic Sofamor Danek USA Inc. had with Waguespack; and

(e)    awarding K2M all just and equitable relief to which it may be entitled, including all costs associated with this proceeding.

-4-

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

Dated: March 29, 2016

Respectfully submitted,

Eric R. Miller, T.A.
Louisiana State Bar Number 21359
Jeremy J. Landry
Louisiana State Bar Number 30588
THE KULLMAN FIRM APLC
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com
       JJL@kullmanlaw.com

**COUNSEL FOR PETITIONER,**
**K2M, INC.**

**Please Serve:**

Robby J. Waguespack
*through his counsel of record:*
Thomas J. McGoey, II
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139

Medtronic, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

Medtronic Sofamor Danek USA, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816



CERTIFIED
TRUE COPY

MAR 29 2016

DEPUTY CLERK OF COURT

-5-

EXHIBIT G to COMPLAINT

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 646,994                                                              SECTION "26"

ROBBY J. WAGUESPACK AND K2M, INC.

V.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

FILED: _____          _____
                                                              DEPUTY CLERK

### K2M, INC.'S REQUEST FOR NOTICE

NOW INTO COURT, through undersigned counsel, comes K2M, Inc, who respectfully requests written notice of any trial, motion, or other proceedings scheduled to come before this Honorable Court in the above-entitled and numbered lawsuit at least ten (10) days prior thereto in accordance with Article 1571 of the Louisiana Code of Civil Procedure.

As provided by Article 1913 and 1914 of the Louisiana Code of Civil Procedure, K2M, Inc. also requests notice of any interlocutory or final order, decree or judgment, rendered and/or signed in the suit.

Dated: March 29, 2016                          Respectfully submitted,



                                                    Eric R. Miller, T.A.
                                                    Louisiana State Bar Number 21359
                                                    Jeremy J. Landry
                                                    Louisiana State Bar Number 30588
                                                    THE KULLMAN FIRM APLC
                                                    4605 Bluebonnet Blvd., Suite A
                                                    Baton Rouge, Louisiana 70809
                                                    Telephone: (225) 906-4250
                                                    Facsimile: (225) 906-4230
                                                    Email: EM@kullmanlaw.com
                                                              JJL@kullmanlaw.com

                                                    **COUNSEL FOR PETITIONER,**
                                                    **K2M, INC.**

                                                    CERTIFIED
                                                    TRUE COPY

                                                    MAR 2 9 2016

                                                    DEPUTY CLERK OF COURT

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**CT Corporation**

**Service of Process Transmittal**
03/30/2016
CT Log Number 528904955

TO:     Vicki Tersteeg
        Medtronic, Inc.
        710 Medtronic Pkwy, Ms: LC300
        Minneapolis, MN 55432-5604

RE:     **Process Served in Louisiana**

FOR:    Medtronic, Inc.  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stephen Powell and K2M, Inc., Pltfs. vs. Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Request |
| **COURT/AGENCY:** | BATON ROUGE CITY COURT (East Baton Rouge Parish), LA<br>Case # C646992 |
| **NATURE OF ACTION:** | Defendant has breached the terms of contract entered with the plaintiff as a result of which plaintiff suffered from loss and damages - damages claimed |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/30/2016 at 08:40 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after service |
| **ATTORNEY(S) / SENDER(S):** | Eric R. Miller<br>The Kullman Firm APLC<br>4605 Boulevard Blvd., Suite A<br>Baton Rouge, LA 70809<br>225-906-4250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/30/2016, Expected Purge Date: 04/04/2016<br><br>Image SOP<br><br>Email Notification, Vicki Tersteeg  VICKI.ANN.TERSTEEG@MEDTRONIC.COM<br><br>Email Notification, Jackie Hiltner  jackie.hiltner@medtronic.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378<br>612-333-4315 |

Page 1 of  1 / DM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only not contents.

EXHIBIT H to COMPLAINT

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

2305-16-000027

# CITATION OF INTERVENTION

NUMBER  C646992 SECTION 27

STEPHEN POWELL
(Plaintiff)

19th JUDICIAL DISTRICT COURT

vs.

PARISH OF EAST BATON ROUGE

MEDTRONC ,INC., ET AL
(Defendant)

STATE OF LOUISIANA

TO:  MEDTRONIC, INC.
THROUGH
CT CORPORATION SYSTEM

YOU HAVE BEEN SUED.

Attached to this citation is a certified copy of the petition of intervention*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish, on 29-MAR-2016.

(Drukisha Jarvis Paxton)
Deputy Clerk of Court for,
Doug Welborn, Clerk of Court

Requesting Attorney: ERIC R MILLER

*Also attached are the following documents:
PETITIN, REQUEST FOR NOTICE

SERVICE INFORMATION:
Received on the _____ day of _____, 20____ and on the ____ day of _____, 20____ served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____

DOMICILIARY SERVICE: On the within named _____ by leaving the same at his domicile in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at _____

SECRETARY OF STATE:  By tendering same to the within named, by handing same to _____

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____ 20____

SERVICE:      $ _____
MILEAGE    $ _____
TOTAL:        $ _____

Deputy Sheriff
Parish of East Baton Rouge

CITATION OF INTERVENTION - 2405

EBR3542417
EXHIBIT H to COMPLAINT

Page 104 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 646,992                                                           SECTION "27"

STEPHEN POWELL AND K2M, INC.

V.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

COST CK$ 34500

MAR 29 2016

FILED: _____                    _____
                                               DEPUTY CLERK OF COURT

### PETITION IN INTERVENTION

NOW INTO COURT, through undersigned counsel, come Plaintiff, K2M, Inc. ("K2M"),

and, pursuant to articles 1033 and 1091(1) of the Louisiana Code of Civil Procedure, files this

Petition in Intervention, upon representing as follows:

1.

On March 28, 2016, Plaintiff, Stephen Powell ("Powell"), filed the instant action seeking

a declaration that certain restrictive covenants in his Employment Agreement are invalid and

legally unenforceable.

2.

Powell is a person of the full age of majority who resides in and is domiciled in East

Baton Rouge Parish, Louisiana.

3.

Named as defendants herein are Medtronic, Inc., a corporation organized under the laws

of the State of Minnesota with its principal place of business in Minneapolis, Minnesota, and

Medtronic Sofamor Danek USA, Inc., a corporation organized under the laws of the State of

Tennessee with its principal place of business in Memphis, Tennessee (hereinafter referred to

collectively as "Medtronic"). "Medtronic" as defined in the Employment Agreement referenced

herein consists of entities incorporated in various states throughout the United States, including,

but not necessarily limited to, Minnesota, Tennessee, and Delaware.



02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

4.

Intervenor K2M is a corporation organized under the laws of the State of Delaware with its principal place of business in Leesburg, Virginia that is licensed to do and currently doing business in the medical device industry within the State of Louisiana.

5.

On or about March 29, 2016, Powell began working for K2M as a sales representative following his resignation from Medtronic.

6.

In the course of his employment with K2M, Powell will continue to work in and around Baton Rouge, Louisiana, and will sell spinal products and surgical implants similar to those in Medtronic's spinal and biologic product lines.

7.

Upon information and belief, Medtronic intends to prevent Powell from being employed with K2M and/or soliciting customers that he serviced while employed by Medtronic (and for years prior to that) by seeking to enforce the unlawful non-competition and customer non-solicitation provisions in Powell's Employment Agreement.

8.

It is anticipated that Medtronic may bring a claim against K2M arising out of the employment of Powell based upon the same facts and circumstances as set forth in Powell's Petition for Declaratory Judgment.

9.

K2M seeks to join this proceeding as a Plaintiff-in-Intervention and prays that judgment be rendered in favor of Powell and K2M and against Medtronic based on the allegations set forth in Powell's Petition for Declaratory Judgment, as well as those set forth herein.

10.

Pursuant to Louisiana Code of Civil Procedure article 1091, K2M has an interest in the determination of whether the non-competition and non-solicitation provisions in Powell's Employment Agreement are valid and legally enforceable, which is directly related to K2M's ability to proceed with its intended employment relationship with Powell, as well as Powell's

-2-

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

ability to fully carry out his job duties as a sales representative for K2M.  Thus, K2M has a right to intervene in this proceeding.

11.

This Petition in Intervention may be filed without leave of court pursuant to Louisiana Code of Civil Procedure article 1033 because no answer to the principal demand has been filed.

12.

The filing of this Petition in Intervention will not retard the progress of the principal action in any matter.  This case remains in a preliminary pleadings stage, and no pretrial deadlines or trial date have been set.

### First Cause of Action:  Declaratory Judgment

13.

K2M hereby adopts and incorporates by reference herein the allegations set forth above in Paragraphs 1-12 of this Petition in Intervention, as well as those set forth in the Petition for Declaratory Judgment filed by Powell.

14.

Louisiana Code of Civil Procedure Article 1872 provides that a person interested under a written contract whose rights are affected by that contract may have the court determine any question of construction or validity arising under the contract and obtain a declaration of his rights.  Any claim against K2M by Medtronic would be based upon and arise out of the Employment Agreement at issue in Powell's Petition for Declaratory Judgment.

15.

K2M maintains an interest in, and its rights are affected by, the Employment Agreement because the Employment Agreement's non-competition and customer non-solicitation provisions may limit K2M's ability to employ Powell, in addition to hindering Powell's ability to fully perform the duties of his job as a K2M sales representative, until those provisions are declared unenforceable.  Accordingly, K2M is entitled to have this Court issue a judgment regarding the validity of the non-competition and customer non-solicitation provisions in Powell's Employment Agreement.

-3-

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

16.

Any incidental claim Medtronic may have against K2M arises out of the same facts and circumstances of the Employment Agreement and the employment of Powell. Accordingly, K2M is entitled to have this Court issue a judgment (1) that the provisions of the Employment Agreement which purport to restrict Powell from engaging in competitive activities or solicitation of customers of Medtronic are null, void, and legally unenforceable; (2) that the choice of law and choice of forum provisions of the Employment Agreement are null, void, and legally unenforceable; (3) that K2M did not induce Powell to breach any enforceable contractual provision he had with Medtronic; (4) that K2M was justified in employing Powell; and (5) that Medtronic suffered no damages due to the conduct of K2M.

**WHEREFORE**, K2M, Inc., respectfully prays that it be permitted to participate as a Plaintiff-in-Intervention in all subsequent proceedings related to this matter, and that after due proceedings are had, this Honorable Court render judgment in favor of Powell and K2M, and against Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc., by:

(a)  declaring the non-competition and customer non-solicitation provisions in Powell's Employment Agreement with Medtronic null, void, and legally unenforceable;

(b)  declaring the provisions of Powell's Employment Agreement null, void, and legally unenforceable to the extent that they purport to restrict Powell from engaging in competitive activities or solicitation of customers of Medtronic;

(c)  enjoining Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc., from directly or indirectly enforcing or attempting to enforce said provisions against Powell or K2M;

(d)  declaring that K2M did not unlawfully interfere with any enforceable contractual provision Medtronic, Inc. and/or Medtronic Sofamor Danek USA Inc. had with Powell; and

(e)  awarding K2M all just and equitable relief to which it may be entitled, including all costs associated with this proceeding.

-4-

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

Dated: March 29, 2016

Respectfully submitted,

Eric R. Miller, T.A.
Louisiana State Bar Number 21359
Jeremy J. Landry
Louisiana State Bar Number 30588
THE KULLMAN FIRM APLC
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com
        JJL@kullmanlaw.com

**COUNSEL FOR PETITIONER,
K2M, INC.**

**Please Serve:**

Lloyd Lindsey
*through his counsel of record:*
Thomas J. McGoey, II
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139

Medtronic, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

Medtronic Sofamor Danek USA, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816



CERTIFIED
TRUE COPY

MAR 29 2016

DEPUTY CLERK OF COURT

-5-

EXHIBIT H to COMPLAINT

Page 109 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 646,992                                                                    SECTION "27"

STEPHEN POWELL AND K2M, INC.

V.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

FILED: _____        _____
                                                                          DEPUTY CLERK

### K2M, INC.'S REQUEST FOR NOTICE

NOW INTO COURT, through undersigned counsel, comes K2M, Inc, who respectfully requests written notice of any trial, motion, or other proceedings scheduled to come before this Honorable Court in the above-entitled and numbered lawsuit at least ten (10) days prior thereto in accordance with Article 1571 of the Louisiana Code of Civil Procedure.

As provided by Article 1913 and 1914 of the Louisiana Code of Civil Procedure, K2M, Inc. also requests notice of any interlocutory or final order, decree or judgment, rendered and/or signed in the suit.

Dated: March 29, 2016                            Respectfully submitted,



Eric R. Miller, T.A.
Louisiana State Bar Number 21359
Jeremy J. Landry
Louisiana State Bar Number 30588
THE KULLMAN FIRM APLC
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com
         JJL@kullmanlaw.com

**COUNSEL FOR PETITIONER,
K2M, INC.**

CERTIFIED
TRUE COPY

MAR 29 2016

DEPUTY CLERK OF COURT

EXHIBIT H to COMPLAINT

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

**CT Corporation**

**Service of Process Transmittal**
03/30/2016
CT Log Number 528905249

TO: Vicki Tersteeg
Medtronic, Inc.
710 Medtronic Pkwy, Ms: LC300
Minneapolis, MN 55432-5604

RE: **Process Served in Louisiana**

FOR: Medtronic, Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lloyd Lile Lindsey, III and K2M, Inc., Pltfs. vs. Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Request |
| **COURT/AGENCY:** | EAST BATON ROUGE; 19TH JUDICIAL DISTRICT COURT, LA<br>Case # 64699123 |
| **NATURE OF ACTION:** | Plaintiff suffered losses due to the declaratory judgment and the employment agreement's non-competition and customer non-solicitation provisions by defendants |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/30/2016 at 08:40 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after you have received |
| **ATTORNEY(S) / SENDER(S):** | Eric R. Miller<br>The Kullman Firm APLC<br>4605 Bluebonnet Blvd., Suite A<br>Baton Rouge, LA 70809<br>225-906-4250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/30/2016, Expected Purge Date: 04/04/2016<br><br>Image SOP<br><br>Email Notification, Vicki Tersteeg VICKI.ANN.TERSTEEG@MEDTRONIC.COM<br><br>Email Notification, Jackie Hiltner jackie.hiltner@medtronic.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378<br>612-333-4315 |

Page 1 of 1 / SR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT I to COMPLAINT          Page 111 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

2405-16-000050

# CITATION OF INTERVENTION

NUMBER  C646991 SECTION 23

LLOYD LILE LINDSEY, III., ETAL
(Plaintiff)

19th JUDICIAL DISTRICT COURT

vs.

PARISH OF EAST BATON ROUGE

MEDTRONIC, INC., ET AL
(Defendant)

STATE OF LOUISIANA

TO:   MEDTRONIC, INC.
      THROUGH
      CT CORPORATION SYSTEM

YOU HAVE BEEN SUED.

Attached to this citation is a certified copy of the petition of intervention*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of this Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks; or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish, on 29-MAR-2016.

Orkisha Janine Peyton
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: ERIC R MILLER

*Also attached are the following documents:
PETITION, REQUES FOR NOTICE

**SERVICE INFORMATION:**
Received on the _____ day of _____, 20 ____ and on the _____ day of _____, 20 ____, served on the above named party as follows:

PERSONAL SERVICE:  On the party herein named at _____

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at _____

SECRETARY OF STATE:  By tendering same to the within named, by handing same to _____

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20 ____

SERVICE:      $ _____
MILEAGE      $ _____
TOTAL:         $ _____

_____
Deputy Sheriff
Parish of East Baton Rouge

CITATION OF INTERVENTION- 2405



EDP3542415

EXHIBIT 1 to COMPLAINT                    Page 112 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/6/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 646,991                                    SECTION "23"

LLOYD LILE LINDSEY, III, AND K2M, INC.

V.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

FILED: _____          _____
                                    DEPUTY CLERK OF COURT

## PETITION IN INTERVENTION

NOW INTO COURT, through undersigned counsel, come Plaintiff, K2M, Inc. ("K2M"),

and, pursuant to articles 1033 and 1091(1) of the Louisiana Code of Civil Procedure, files this

Petition in Intervention, upon representing as follows:

1.

On March 28, 2016, Plaintiff, Lloyd Lile Lindsey, III ("Lindsey"), filed the instant action

seeking a declaration that certain restrictive covenants in his Employment Agreement are invalid

and legally unenforceable.

2.

Lindsey is a person of the full age of majority who resides in and is domiciled in East

Baton Rouge Parish, Louisiana.

3.

Named as defendants herein are Medtronic, Inc., a corporation organized under the laws

of the State of Minnesota with its principal place of business in Minneapolis, Minnesota, and

Medtronic Sofamor Danek USA, Inc., a corporation organized under the laws of the State of

Tennessee with its principal place of business in Memphis, Tennessee (hereinafter referred to

collectively as "Medtronic"). "Medtronic" as defined in the Employment Agreement referenced

herein consists of entities incorporated in various states throughout the United States, including,

but not necessarily limited to, Minnesota, Tennessee, and Delaware.

EXHIBIT I to COMPLAINT          Page 113 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

4.

Intervenor K2M is a corporation organized under the laws of the State of Delaware with its principal place of business in Leesburg, Virginia that is licensed to do and currently doing business in the medical device industry within the State of Louisiana.

5.

On or about March 29, 2016, Lindsey began working for K2M as a sales representative following his resignation from Medtronic.

6.

In the course of his employment with K2M, Lindsey will continue to work in and around Baton Rouge, Louisiana, and will sell spinal products and surgical implants similar to those in Medtronic's spinal and biologic product lines.

7.

Upon information and belief, Medtronic intends to prevent Lindsey from being employed with K2M and/or soliciting customers that he serviced while employed by Medtronic (and for years prior to that) by seeking to enforce the unlawful non-competition and customer non-solicitation provisions in Lindsey's Employment Agreement.

8.

It is anticipated that Medtronic may bring a claim against K2M arising out of the employment of Lindsey based upon the same facts and circumstances as set forth in Lindsey's Petition for Declaratory Judgment.

9.

K2M seeks to join this proceeding as a Plaintiff-in-Intervention and prays that judgment be rendered in favor of Lindsey and K2M and against Medtronic based on the allegations set forth in Lindsey's Petition for Declaratory Judgment, as well as those set forth herein.

10.

Pursuant to Louisiana Code of Civil Procedure article 1091, K2M has an interest in the determination of whether the non-competition and non-solicitation provisions in Lindsey's Employment Agreement are valid and legally enforceable, which is directly related to K2M's ability to proceed with its intended employment relationship with Lindsey, as well as Lindsey's

-2-

EXHIBIT I to COMPLAINT    Page 114 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

ability to fully carry out his job duties as a sales representative for K2M.  Thus, K2M has a right to intervene in this proceeding.

11.

This Petition in Intervention may be filed without leave of court pursuant to Louisiana Code of Civil Procedure article 1033 because no answer to the principal demand has been filed.

12.

The filing of this Petition in Intervention will not retard the progress of the principal action in any matter.  This case remains in a preliminary pleadings stage, and no pretrial deadlines or trial date have been set.

### First Cause of Action: Declaratory Judgment

13.

K2M hereby adopts and incorporates by reference herein the allegations set forth above in Paragraphs 1-12 of this Petition in Intervention, as well as those set forth in the Petition for Declaratory Judgment filed by Lindsey.

14.

Louisiana Code of Civil Procedure Article 1872 provides that a person interested under a written contract whose rights are affected by that contract may have the court determine any question of construction or validity arising under the contract and obtain a declaration of his rights.  Any claim against K2M by Medtronic would be based upon and arise out of the Employment Agreement at issue in Lindsey's Petition for Declaratory Judgment.

15.

K2M maintains an interest in, and its rights are affected by, the Employment Agreement because the Employment Agreement's non-competition and customer non-solicitation provisions may limit K2M's ability to employ Lindsey, in addition to hindering Lindsey's ability to fully perform the duties of his job as a K2M sales representative, until those provisions are declared unenforceable.  Accordingly, K2M is entitled to have this Court issue a judgment regarding the validity of the non-competition and customer non-solicitation provisions in Lindsey's Employment Agreement.

-3-

EXHIBIT I to COMPLAINT          Page 115 of 118

CASE 0:16-cv-00918-JNE-TNL    Doc. 1-1    Filed 04/07/16    Page 118 of 120

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

16.

Any incidental claim Medtronic may have against K2M arises out of the same facts and circumstances of the Employment Agreement and the employment of Lindsey. Accordingly, K2M is entitled to have this Court issue a judgment (1) that the provisions of the Employment Agreement which purport to restrict Lindsey from engaging in competitive activities or solicitation of customers of Medtronic are null, void, and legally unenforceable; (2) that the choice of law and choice of forum provisions of the Employment Agreement are null, void, and legally unenforceable; (3) that K2M did not induce Lindsey to breach any enforceable contractual provision he had with Medtronic; (4) that K2M was justified in employing Lindsey; and (5) that Medtronic suffered no damages due to the conduct of K2M.

WHEREFORE, K2M, Inc., respectfully prays that it be permitted to participate as a Plaintiff-in-Intervention in all subsequent proceedings related to this matter, and that after due proceedings are had, this Honorable Court render judgment in favor of Lindsey and K2M, and against Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc., by:

(a)    declaring the non-competition and customer non-solicitation provisions in Lindsey's Employment Agreement with Medtronic null, void, and legally unenforceable;

(b)    declaring the provisions of Lindsey's Employment Agreement null, void, and legally unenforceable to the extent that they purport to restrict Lindsey from engaging in competitive activities or solicitation of customers of Medtronic;

(c)    enjoining Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc., from directly or indirectly enforcing or attempting to enforce said provisions against Lindsey or K2M;

(d)    declaring that K2M did not unlawfully interfere with any enforceable contractual provision Medtronic, Inc. and/or Medtronic Sofamor Danek USA Inc. had with Lindsey; and

(e)    awarding K2M all just and equitable relief to which it may be entitled, including all costs associated with this proceeding.

EXHIBIT I to COMPLAINT          Page 116 of 118

02-CV-16-1617

Filed in Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

Dated: March 29, 2016

Respectfully submitted,

Eric R. Miller, T.A.
Louisiana State Bar Number 21359
Jeremy J. Landry
Louisiana State Bar Number 30588
THE KULLMAN FIRM APLC
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com
        JJL@kullmanlaw.com

**COUNSEL FOR PETITIONER,
K2M, INC.**

**Please Serve:**

Stephen Powell
*through his counsel of record:*
Thomas J. McGoey, II
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139

Medtronic, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

Medtronic Sofamor Danek USA, Inc.
*through its registered agent for service of process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816





-5-

EXHIBIT 1 to COMPLAINT                    Page 119 of 118

02-CV-16-1617

Filed In Tenth Judicial District Court
4/5/2016 4:07:13 PM
Anoka County, MN

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 646,991                                               SECTION "23"

LLOYD LILE LINDSEY, III, AND K2M, INC.

V.

MEDTRONIC, INC., AND
MEDTRONIC SOFAMOR DANEK USA, INC.

FILED: _____    _____
                                                    DEPUTY CLERK

### K2M, INC.'S REQUEST FOR NOTICE

NOW INTO COURT, through undersigned counsel, comes K2M, Inc, who respectfully requests written notice of any trial, motion, or other proceedings scheduled to come before this Honorable Court in the above-entitled and numbered lawsuit at least ten (10) days prior thereto in accordance with Article 1571 of the Louisiana Code of Civil Procedure.

As provided by Article 1913 and 1914 of the Louisiana Code of Civil Procedure, K2M, Inc. also requests notice of any interlocutory or final order, decree or judgment, rendered and/or signed in the suit.

Dated: March 29, 2016                          Respectfully submitted,



Eric R. Miller, T.A.
Louisiana State Bar Number 21359
Jeremy J. Landry
Louisiana State Bar Number 30588
THE KULLMAN FIRM APLC
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com
          JJL@kullmanlaw.com

**COUNSEL FOR PETITIONER,
K2M, INC.**

EXHIBIT I to COMPLAINT                    Page 118 of 118